**KROGER COMPANY, Appellant,**

v.

**Ellen CELLAN, Appellee.**

**No. 1061.**

Court of Civil Appeals of Texas, Tyler.

Dec. 22, 1977.

Rehearing Denied Jan. 19, 1978.

James S. Maxwell, Seay, Gwinn, Crawford, Mebux & Blakeney, Dallas, for appellant.

James R. Fry, Nance, Caston, Duncan, Green, Stagner, Fry & Pelley, Sherman, for appellee.

McKAY, Justice.

After consideration of appellant's motion for rehearing, we withdraw our earlier opinion delivered on November 17, 1977, and substitute this opinion in lieu thereof.

This is a personal injury case arising from a fall by appellee in appellant's parking lot. Trial was before a jury which found appellant guilty of negligence which proximately caused appellee's injuries, and judgment was rendered for appellee for damages for pain and suffering and medical expenses. Appellant appeals from that judgment.

Appellee filed suit against appellant alleging that appellant was negligent in (1) creating and maintaining a dangerous and hazardous condition by allowing large cracks to exist in the concrete parking lot when appellant, through its employees, knew or, in the exercise of ordinary care, should have known that customers would be placed in a position of peril in using the parking lot, (2) failing to provide a safe parking lot for customers, and (3) failing to warn appellee of the condition. Appellee asked for damages of $2,629.48 for past medical expenses, $15,000.00 for past pain and suffering, and $15,000.00 for future pain and suffering, all as a result of appellee's fall, which was caused by appellant's negligence.

Defendant answered that there was no defect in the parking lot. In the alternative, appellant alleged that appellee was contributorily negligent in failing to keep a proper lookout and in several other respects which are not before us on appeal. Appellant also alleged that if any defect existed, such defect was open and obvious as a

matter of law, that appellee assumed any risk by moving into the area, and that such occurrence was an unavoidable accident.

The evidence was submitted to a jury which found (1) at the time in question Kroger Company maintained the parking lot in a condition which involved an unreasonable risk of harm to persons upon its premises; (2) appellee's fall was proximately caused as a result of her contact with that condition; (3) Kroger Company knew or should have known of the dangerous condition; (4) Kroger Company was negligent in failing to warn appellee of the condition of the parking lot; (5) such negligence was a proximate cause of appellee's fall. The jury did not find that (1) appellee failed to keep a proper lookout, (2) failed to request help and assistance from employees of Kroger Company, (3) failed to wait for employees of Kroger Company to help and assist her, and (4) appellee's failure to release the grocery cart was negligence. The jury found damages in the amounts of $4,250.00 for past and future pain and suffering and $2,657.48 for medical expenses.

Based on these findings, judgment was rendered in favor of appellee in the amount of $6,907.48, from which appellant has perfected this appeal.

We affirm the judgment of the trial court.

On the morning of June 5, 1974, appellee, age 71, and her husband went to appellant Kroger's store at 815 West Crawford Street, Denison, Texas, to purchase certain items. She had been going to this particular store since 1972.

After appellee went through the checkout lane to pay for her groceries, she then proceeded to leave the store through the only available door, pushing her own cart to the car. Once outside the store, Mrs. Cellan made her way through the parking lot where she fell, the cart tumbling down on top of her. There is a dispute in the evidence as to the location of her fall. As a result of the fall, Mrs. Cellan sustained a broken hip. Store employees took appellant to her home and called an ambulance. Appellant later brought this suit to recover damages resulting from her fall.

Appellant brings six points of error. Point 1 complains that the trial court erred in failing to disregard the jury's answers to issues 1, 2, 3, 4 and 5 because there was no evidence to support these findings. Point 2 complains that such findings on these same issues were without sufficient evidentiary support, and contrary to the great weight and preponderance of the evidence. Point 4 says there was no evidence to support the answers of the jury to issues 6 and 7. A "Motion for Judgment Non-Obstante Veredicto or Motion to Disregard Certain Special Issues" was filed of record in the case, but nowhere does it appear of record that the court acted upon said motion. Appellant, therefore, complains of a nonexistent error of the trial court.

However, the liberal rebriefing procedures provided by the Rules of Civil Procedure would permit appellant Kroger Company to amend its brief and properly present its points of error. *Texaco, Inc. v. Joffrion*, 363 S.W.2d 827, 830 (Tex.Civ.App. —Texarkana 1962, writ ref'd n. r. e.); Tex. R.Civ.P. 422, 429, 431 and 437. We will assume that appellant has properly preserved both his legal and factual insufficiency points of error by directing us to an alleged error of the trial court. Nevertheless, appellant's points of error are multifarious. A point of error which embraces more than one specific ground of error or which attempts to attack several distinct and separate rulings of the trial court will be considered multifarious, in violation of Rule 418, and not entitled to review. *Pine v. Gibraltar Savings Assn.*, 519 S.W.2d 238, 244 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n. r. e.); *Blackmon & Associates, Inc. v. Palmer Buildings Supplies & Specialties, Inc.*, 463 S.W.2d 228, 231 (Tex. Civ.App.—Corpus Christi 1971, writ ref'd n. r. e.); *International Security Life Ins. Co. v. Howard*, 456 S.W.2d 765, 766 (Tex.Civ.App. —Waco 1970, writ ref'd n. r. e.). Appellate courts have given a liberal interpretation of the rules in favor of the sufficiency of an appellant's brief and frequently consider general and multifarious points of error

where, from the statements and arguments under the point, the nature of appellant's complaint can be determined. *Fambrough v. Wagley,* 140 Tex. 577, 169 S.W.2d 478, 482 (1943); *Airport Coach Service, Inc. v. City of Fort Worth,* 518 S.W.2d 566, 573 (Tex.Civ.App.—Tyler 1974, writ ref'd n. r. e.). Therefore, giving appellant's points of error 1 and 2 a liberal interpretation, we will consider them.

In considering appellant's contention that there is no evidence to support the jury's findings to special issues 1, 2, 3, 4 and 5 we may consider only the evidence and inferences in support of the jury's finding, while disregarding all evidence and inferences to the contrary. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). We hold that there is evidence to support the jury's findings to special issues 1, 2, 3, 4 and 5. Appellant's point 1 is overruled.

In examining the factual sufficiency of the evidence to support the jury's findings to special issues 1, 2, 3, 4 and 5, we must consider the whole record to determine if the jury's answer is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951). After a review of the entire record and after having weighed and balanced all the evidence, both that in favor of and against the verdict, we are of the opinion that we would not be justified in concluding that the findings of the jury in regard to special issues 1, 2, 3, 4 and 5 were so clearly against the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust. Point 2 is overruled.

In Point 3 appellant states that the trial court erred in failing to find that the cracks in the parking lot were "open and obvious" as a matter of law. We disagree.

■ An occupier has no duty to a business invitee if the condition is so patently open and obvious that the invitee will be charged with knowledge of the condition. *Scott v. Liebman,* 404 S.W.2d 288, 293 (Tex. 1966); *Wesson v. Gillespie,* 382 S.W.2d 921 (Tex.1964); *Halepeska v. Callihan Interests,*

*Inc.,* 371 S.W.2d 368 (Tex.1963). Appellant directs us to several cases which would attempt to bring the facts of this case within the above rule. See *Marshall v. San Jacinto Building, Inc.,* 67 S.W.2d 372 (Tex.Civ.App. —Beaumont 1933, writ ref'd); *Beall Brothers, Inc. v. Benton,* 478 S.W.2d 157 (Tex.Civ. App.—Tyler 1972, no writ); *H. E. Butt Grocery Co. v. Israel,* 544 S.W.2d 769 (Tex. Civ.App.—Waco 1976, no writ). However, none of the cases deal squarely with the facts with which we are confronted.

■ Although appellee had shopped at the particular store many times, there was no showing that she had been over the portion of the parking lot containing the defect on any previous occasion. The crack in the parking lot was not a static condition, such as a slab or a mat in an entrance to a building. Appellant's assistant manager, Mr. Blazek, testified that the crack could not be seen unless one were right upon it. In addition, appellee testified that she was watching for moving vehicles in the parking lot. Such actions are a necessity in any parking lot. We, therefore, hold that the cracks in the parking lot were not so open and obvious as to charge one with knowledge of their existence. The point is overruled.

Appellant's point 4 is defective in the same respects as were points 1 and 2. Therefore, as with points 1 and 2, we will consider it based on a liberal interpretation of the rules in favor of the sufficiency of an appellant's brief.

■ Appellant contends in point 4 that there is no evidence to support the jury's answers to special issues 6 and 7 that appellee did not fail to keep a proper lookout. A party with the burden of proof on an issue who receives an adverse jury finding should properly complain of the legal sufficiency of the evidence with "as a matter of law" terminology. *Prunty v. Post Oak Bank,* 493 S.W.2d 645 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n. r. e.).

■ Considering only the evidence and inferences in support of the jury's answers

to special issues 6 and 7, while disregarding all evidence and inferences to the contrary, we hold that there is some evidence to support those answers. Appellant's point 4 is overruled.

 Point 5 complains that the trial court erred in overruling appellant's motion for new trial because the jury's answers to special issues 6 and 7, concerning whether appellee failed to keep a proper lookout, were against the great weight and preponderance of the evidence. We must look at the whole record to determine if the jury's answer is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951). After a review of the entire record and after having weighed and balanced all the evidence, both that in favor of and against the verdict and judgment, we are of the opinion that we would not be justified in concluding the findings of the jury in regard to special issues 6 and 7 were so clearly against the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust. Point 5 is overruled.

By Point 6 appellant complains that the trial court refused to grant its motion to reopen for the purpose of introducing further evidence.

At any time before completion of a trial the trial court may permit additional evidence to be offered where it clearly appears to be necessary to the due administration of justice. Rule 270, T.R.C.P. It is within the sound discretion of the court to allow a party to reopen his case after having rested it. *Binford v. Snyder*, 144 Tex. 134, 189 S.W.2d 471, 476 (1945); *Wofford v. Miller*, 381 S.W.2d 640 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n. r. e.). Further, there must be a showing of diligence upon the part of the moving party in making such a request. *Highlands Underwriters Insurance Company v. Martin*, 442 S.W.2d 770, 772 (Tex.Civ.App.—Beaumont 1969, no writ). Appellant made an attempt in its bill of exception to show diligence was used in timely obtaining evidence sought to be offered. The witness appellant sought to use if permitted to reopen was a Kroger checker who checked appellee's groceries on the day of her fall. The checker was an employee of appellant and apparently available to appellant's counsel at all times. We hold that appellant failed to demonstrate due diligence on its part in producing this evidence at the trial before the close of the evidence. It also appears that any additional testimony would have been merely cumulative of testimony already adduced.

We hold that the refusal of the trial court to reopen the testimony was not an abuse of its discretion and that the additional testimony was not necessary to the due administration of justice.

Appellant's motion for rehearing is overruled, and the judgment of the trial court is affirmed.