E. A. McFADDEN, D/B/A Mack's Camper Sales, Appellant,

v.

Jack D. HALE, Appellee.

No. 6252.

Court of Civil Appeals of Texas, Waco.

April 30, 1981.

Dan Francis, Francis & Henager, Samuel R. Jones, Waco, for appellant.

Minor L. Helm, Jr., Rodney S. Goble, Sleeper, Williams, Johnston, Helm & Estes, Waco, for appellee.

HALL, Justice.

The defendant-bailee E. A. McFadden, dba Mack's Camper Sales, brought this appeal from a judgment in favor of the plaintiff-bailor Jack D. Hale for the loss of a travel trailer. We affirm the judgment.

Plaintiff filed this suit in December, 1978. He alleged that on or about February 1, 1976, defendant took and retained possession of a 1974 Holiday Rambler Travel Trailer owned by plaintiff under the agreement between the parties that defendant would display the trailer for sale; that as consideration, defendant was to receive 10% of the proceeds of the sale; that if a buyer was not found, defendant would redeliver the trailer to plaintiff on demand; that "such travel trailer was then and subsequent thereto has maintained the market value of $10,000.00"; that in October, 1978, plaintiff demanded possession of the trailer, but defendant has failed and refused to deliver the vehicle to plaintiff; that specified negligent acts and omissions of defendant proximately caused the loss of the travel trailer during the bailment; and that as the result thereof plaintiff has been damaged in the sum of $10,000.00.

Defendant answered with a general denial.

The case was tried to a jury in January, 1980. Plaintiff adduced proof of the circumstances and terms of the bailment pleaded by him. The evidence also established that in April, 1978, while the travel trailer was in defendant's possession, being displayed on defendant's lot for sale, the unit was removed by someone other than plaintiff from defendant's lot. Defendant thought that plaintiff had taken the trailer. Plaintiff learned of the loss in June or July, 1978. The trailer was never recovered.

The case was submitted to the jury on three special issues. The jury found (spe-

cial issues 1 and 2) that the loss of the travel trailer was proximately caused by defendant's negligence, and (special issue 3) that the fair market value of the trailer "on or about April, 1978" was $7,200.00.

Judgment was rendered on the verdict that plaintiff recover $7,200.00 from defendant. This appeal resulted.

Defendant does not question the findings of causal negligence against him for the loss of the trailer. However, in his first point of error, defendant states the trial court erred in submitting special issue 3 to the jury "because there is no evidence of the fair market value of this trailer in April, 1978." Defendant argues two complaints under this point: (1) Special issue 3 should not have been submitted because no evidence was adduced as to the fair market value of the travel trailer in April, 1978; and (2) the jury's finding that the fair market value in April, 1978, was $7,200.00 is not supported by any evidence.

In testing defendant's "no evidence" complaints, we may consider only the evidence and its inferences which support the court's submission of special issue 3 and the jury's finding, and we must reject all other evidence. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1952).

The travel trailer in question was a 31-foot 1974 Holiday Rambler Trailer. Its size and facilities were sufficient to serve as a full-time residence. Although it had outlets for connections to electric and sewer services, it was "self-contained" in those respects and did not need the connections for use. Plaintiff bought the trailer from defendant in February, 1974, for $10,072.50. Defendant received $3,000.00 cash and trade-ins from plaintiff valued by the parties at $7,072.50. The trade-ins were a 27-foot travel trailer which plaintiff purchased from defendant in 1972, and a large boat and boat trailer. The evidence did not show when plaintiff purchased the trade-ins or what he paid for them.

Defendant took possession of the trailer in question in January, 1976. All that was necessary to place the unit in saleable condition was a cleanup, particularly the cleaning of exterior tree stains. This was done by defendant.

Defendant had been engaged in the business of selling travel trailers and camper vehicles for thirteen years when plaintiff's trailer was placed with him for sale in January, 1976. Plaintiff testified that at that time defendant "placed the value at $9,000.00." On cross-examination, plaintiff gave this additional testimony on value:

"Q. Now you're aware of the fact that vehicles depreciate very likely by the year, I believe that's the way they depreciate, is it not? You've traded for cars? A. I know they depreciate. Q. And are you claiming that [the unit in question] had the same value when it left Mack's lot as it had when you bought it? A. No, sir. Q. Well why did your lawyer plead for $10,000.00? Don't you think it depreciated more than $72.50 over a period of two years? A. The value was set at $9,000.00, and I paid more than $9,000.00 for it. Q. Are you aware of the fact that your lawyer said, 'Defendant accordingly took and retained possession of such travel trailer under such contract. Such travel trailer was then and subsequent thereto,' that means after, 'has maintained the market value of $10,000.00?' A. No, sir. $9,000.00. Q. Your lawyer—if he plead 10, he asked for $1,000.00 more than you asked for, right? A. Right."

Defendant's statement to plaintiff in January, 1976, that the value of the trailer was $9,000.00, was admissible as affirmative substantive evidence of the value of the trailer at that time. *Edwards v. Osman,* 84 Tex. 656, 19 S.W. 868, 869 (1892); *Love v. Grizzaffi,* 423 S.W.2d 164, 166 (Tex. Civ.App.—Waco 1967, no writ); 1A Texas Practice, Law of Evidence 268, (third ed. 1980) § 1121. The remainder of plaintiff's testimony set forth above, given on cross-examination, may be reasonably construed as an opinion by plaintiff that the trailer maintained the value of $9,000.00 throughout the time it was in defendant's possession which, of course, included April, 1978. The owner of property is qualified to testify to his opinion of the value of the property.

*Yancey v. Olvera*, 518 S.W.2d 935, 939 (Tex. Civ.App.—San Antonio 1974, writ ref'd n. r. e.).

No other probative evidence of value was offered by either party. There was evidence that in 1977, defendant's sales manager received four or five offers of $7,000.00, but that he referred the offerers to plaintiff because, he said, "I didn't know whether I could sell it for that or not." Plaintiff said he received one offer of $7,000.00 from a person referred to him by defendant. These unaccepted offers were not probative evidence of the market value of the trailer. *Hanks v. Gulf, Colorado & Santa Fe Railway Company*, 159 Tex. 311, 320 S.W.2d 333, 337 (1959).

 Opinion evidence does not establish material facts as a matter of law. Its credibility and weight are questions for the fact-finder. *Muro v. Houston Fire & Casualty Insurance Co.*, 329 S.W.2d 326, 331 (Tex.Civ.App.—San Antonio 1959, writ ref'd n. r. e.). Therefore, plaintiff's testimony that the value of the trailer in April, 1978, was $9,000.00 was not conclusive on the issue, and the trial court properly submitted the question to the jury. Plaintiff's $9,000.00 value necessarily included the lesser value of $7,200.00 found by the jury and thus supports that finding. Defendant's contrary contentions are overruled.

 Defendant's remaining complaints are also overruled. They assign error to the court's failure to submit special issues to the jury requested by defendant inquiring about contributory negligence by plaintiff. Contributory negligence is a defense which must be affirmatively pleaded. Rule 94, Vernon's Tex.Rules Civ.Proc. Defendant did not plead it in our case; he pleaded only a general denial. Rule 279, Vernon's Tex. Rules Civ.Proc., provides that the court shall submit "the controlling issues made by the written pleadings and the evidence, and . . . a party shall not be entitled to an affirmative submission of any issue in his behalf where such issue is raised only by a general denial and not by an affirmative written pleading on his part." Under this rule, defendant was not entitled to have the unpleaded defense of contributory negligence submitted to the jury even though evidence admitted without objection might have been sufficient to raise the issue. *Employers' Reinsurance Corporation v. Brantley*, 173 S.W.2d 233, 235 (Tex.Civ.App.—Texarkana 1943, writ ref'd); *Safety Casualty Co. v. Teets*, 195 S.W.2d 769, 770 (Tex. Civ.App.—Beaumont 1946, writ ref'd n. r. e.). Defendant argues that under Rule 67 the defense of contributory negligence was tried by consent because evidence thereon was admitted without objection. Rule 67 provides for amendment of the pleadings "at any time up to the submission of the case to the Court or jury" to include unpleaded issues tried without objection, but it does not eliminate the need for written pleadings for the submission of the issues to the jury. The final clause in the rule reads, "provided that written pleadings, before the time of submission, shall be necessary to the submission of special issues, as is provided in Rule 277 and 279." By Rule 67, written pleadings are necessary for the submission of issues tried by consent. *Murray v. Brazzel*, 438 S.W.2d 382, 386 (Tex.Civ.App.—Waco 1969, writ ref'd n. r. e.).

The judgment is affirmed.