**LIFESTYLE MOBILE HOMES,
Appellant,**

v.

**Gladys RICKS, Appellee.**

**No. 09 82 071 CV.**

Court of Appeals of Texas,
Beaumont.

May 12, 1983.

Rehearing Denied June 8, 1983.

Michael McGown, Ranelle Moore Meroney, Weller, Wheelus & Green, Beaumont, for appellant.

G. Patrick Black, Sparks & Hawthorn, Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

The question presented is whether the trial court erred in dismissing without prejudice an action brought under the Deceptive Trade Practices Act when the proponent moved for a non-suit after she had reopened her case pursuant to *Tex.R.Civ.P. 270*.

Gladys Ricks filed suit against Lifestyle Mobile Homes on April 20, 1981, under the Deceptive Trade Practices Act, alleging defects in her mobile home. On March 18, 1982, four days prior to trial, Lifestyle filed a first amended original answer raising statutory affirmative defenses dealing with alleged inadequacy of notice to Lifestyle by Ricks prior to the suit being filed. Trial was to a jury on March 22, 1982. After plaintiff had rested, she made a motion to reopen direct testimony on the following basis:

"That the Plaintiff, Gladys Ricks, has informed her attorney, Patrick Black, he failed to develop testimony in regards to the present condition of the floor of the mobile home, the subject of the suit.

"Specifically, the Plaintiff alleges said floor is damaged beyond repair. It is, therefore, a major element of damage the Plaintiff is seeking to recover."

The court then granted plaintiff's motion, whereupon Ricks gave testimony on floor damage. Following this testimony, the court denied defendant's motion for instructed verdict and granted Ricks' oral motion for non-suit. On March 31, 1982, an order of non-suit without prejudice was signed.

On May 10, 1982, Ricks refiled her action against Lifestyle and, on November 22, 1982, in accordance with the jury verdict, the trial court entered judgment against defendant of $27,000.00 with interest and court costs.

Lifestyle brings this appeal on two related points of error. At the outset, appellant argues that the trial court erred in granting plaintiff's motion for non-suit because plaintiff had rested her case before moving for non-suit, and had reopened solely to take a non-suit. Secondly, appellant argues that since plaintiff was not entitled to a non-suit because she had rested her case before moving for non-suit, the trial court erred in denying defendant's motion to modify the non-suit to a dismissal with prejudice to refile.

*Tex.R.Civ.P. 164*, which governs the taking of a non-suit, provides:

"Upon the trial of any case at any time before plaintiff has rested his case, i.e., has *introduced all of his evidence* other than rebuttal evidence, the *plaintiff may take a non-suit,* but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief." (emphasis added)

The decision of whether or not to reopen a case is within the trial court's discretion and such discretion should be liberally exercised in the interest of permitting both sides to fully develop their case in the interest of justice. *Zodiac Corp. v. General Elec. Credit Corp.,* 566 S.W.2d 341, 346–347 (Tex.Civ. App.—Tyler 1978, no writ); *Matter of Marriage of Murphy,* 561 S.W.2d 592 (Tex.Civ. App.—Amarillo 1978, no writ). With a claim before the trial court that important evidence had inadvertently been omitted in Ricks' case in chief, we cannot say that he erred in allowing appellee to reopen. Although Ms. Ricks' counsel should have given his direct examination on floor defects before resting, he made his motion to reopen promptly upon discovering his error. And, although appellant's claim may be valid, that appellee reopened as a pretense to allow a non-suit, under the facts of this case there was other ample reason to reopen; therefore, the issue rested within the discretion of the trial court. Once appellee had reopened to ostensibly introduce more evidence on damages, it could not be said that she had rested her case; therefore, a non-suit was permissible under *Rule 164.* This point is overruled.

Because we do not adopt the premise of appellant's second point of error, which we have discussed above, that plaintiff was not entitled to a non-suit because she had rested, it is unnecessary for us to discuss this point which contends that for that reason the trial court erred in denying defendant's motion to modify the non-suit to a dismissal with prejudice to refile.

The judgment of the trial court is AFFIRMED.