Mirian M. **TURNER**, et al., Appellant,

v.

**LONE STAR INDUSTRIES, INC.**, Appellee.

No. 01–86–0115–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 26, 1987.

Rehearing Denied April 30, 1987.

Marty R. Akins, Akins & Pettiette, Kevin Dubose, Houston, for appellant.

Michael Phillips, Houston, for appellee.

Before COHEN, SAM BASS and LEVY, JJ.

## OPINION

COHEN, Justice.

The primary issue for decision in this case is whether it was reversible error for the trial judge to submit a special issue on contributory negligence for a defendant who did not plead that defense. We hold that under the facts of this case, any error probably did not cause the rendition of an improper judgment. Consequently, we affirm.

Turner and her children sued Lone Star for damages resulting from the death of their husband and father, Cleve Turner, allegedly caused by Lone Star's gross negligence. Cleve Turner was killed when a tank he was welding exploded. The tank contained a flammable substance called Thoco–50. At the time of the explosion, Cleve Turner was working in the course and scope of his employment with Lone Star.

Suit was brought pursuant to the Workers' Compensation Act, Tex.Rev.Civ.Stat. Ann. art. 8306, sec. 5 (Vernon 1967). Turner also sued a third party, Essex-Hines Oil Company, but settled with and dismissed Essex-Hines before trial.

Appellant's first point of error asserts that the trial court erred in submitting a special issue regarding Cleve Turner's contributory negligence, because Lone Star failed to plead contributory negligence. Lone Star's sole answer was a general denial.

Contributory negligence is an affirmative defense that must be pleaded in order to be raised at trial. Tex.R.Civ.P. 94. In addition, Tex.R.Civ.P. 279 provides that defensive issues shall not be submitted when

raised only by general denial and not by an affirmative written pleading. These rules indicate that it would generally be error to submit a special issue on contributory negligence in the absence of pleadings to support it.

Because this was a suit against an employer, covered by the Workers' Compensation Act, appellants could not prevail unless they proved that Lone Star was grossly negligent. The jury did not find Lone Star guilty of gross negligence. It found that both Turner and Lone Star were negligent, but that Turner's negligence was the sole proximate cause of the accident.

Although a percentage finding of contributory negligence will not reduce punitive damages by the percent of the contributory negligence, *Anderson v. Trent,* 685 S.W.2d 712, 714 (Tex.App.—Dallas 1985, writ ref'd n.r.e.), a plaintiff must still obtain a jury finding of gross negligence to support an award of punitive damages. The jury's failure to find gross negligence against Lone Star was alone sufficient to exonerate Lone Star from liability for Turner's death. It renders harmless any error in submitting the contributory negligence issue. Appellants do not claim that the jury's negative answer to the gross negligence issue was caused by presence of the contributory negligence issue in the jury charge.

We note that appellants did not claim at trial, and do not now claim, that they were surprised by the trial court's decision to allow voir dire, evidence, and jury argument regarding contributory negligence. They contend that the rules requiring a written pleading of contributory negligence must be enforced by reversing this judgment, even without surprise.

The record reflects that the co-defendant, Essex-Hines, was dismissed with prejudice on Friday, September 6, 1985. Its answer had asserted that Turner failed to exercise ordinary care for his own safety and that such negligence was the sole proximate cause of the accident. Consequently, contributory negligence was a pleaded defense in this case as late as September 6, four days before trial began.

On Monday, September 9, extensive pretrial discussions took place regarding appellants' motion in limine to prohibit Lone Star from offering evidence of Turner's negligence. When the trial judge ruled that Lone Star could present evidence of Turner's negligence, appellants did not move for a continuance, claim surprise, or protest that they were not ready for trial.

Lone Star argued during the pre-trial hearing that it was entitled to a trial amendment to assert contributory negligence, and we find that the trial court's rulings allowing voir dire, evidence, argument, and submission of a special issue regarding contributory negligence were tantamount to granting leave to file a trial amendment. Nevertheless, Lone Star never filed a trial amendment asserting contributory negligence. This, the appellants contend, was a fatal omission depriving Lone Star of the right to the contributory negligence special issue.

The purpose of pleadings is to give fair notice to the opponent. Tex.R.Civ.P. 45. Appellants had written notice from Essex-Hines, effective until September 6, that contributory negligence would be a defense. On the next business day, appellants received lengthy and specific oral notice in open court that Lone Star would assert the same defense. They commenced trial the next day without claiming surprise. The trial court could have reasonably concluded that no unfair surprise occurred. A new trial is unnecessary, under these particular facts, to accomplish the goal of rules 94 and 279, a trial with fair notice to all parties. *See* Tex.R.Civ.P. 1; Tex.R.App.P. 81(b).

The first point of error is overruled.

Appellant's second point of error claims that the trial court abused its discretion in re-opening evidence while the jury was deliberating. During jury deliberation, the judge admitted an invoice dated April 7, 1984, that was part of a series of invoices introduced at trial.

Tex.R.Civ.P. 270 provides that:

When it clearly appears to be necessary to the due administration of justice,

the court may permit additional evidence to be offered at any time; provided that in a jury case no evidence on a controversial matter shall be received after the verdict of the jury.

The decision to re-open a case to admit additional evidence is within the court's sound discretion. *Word of Faith World Outreach v. Oechsner*, 669 S.W.2d 364, 366 (Tex.App.—Dallas 1984, no writ). The trial judge should liberally exercise his discretion to permit both sides to fully develop their case. *Lifestyle Mobile Homes v. Ricks*, 653 S.W.2d 602, 604 (Tex.App.—Beaumont 1983, writ ref'd n.r.e.); *Zodiac Corp. v. General Elec. Credit Corp.*, 566 S.W.2d 341, 346–347 (Tex.Civ.App.—Tyler 1978, no writ). The trial court's decision should only be overturned for clear abuse. *Matador Pipelines, Inc. v. Thomas*, 650 S.W.2d 945, 948 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.).

Appellants claim that the trial judge abused his discretion in reopening the evidence because Lone Star did not show due diligence in admitting the evidence before closing its case. The trial judge is required to determine whether the party seeking to re-open the evidence has exercised "due diligence." *Oechsner*, 669 S.W.2d at 367; *Matador Pipelines, Inc. v. Thomas*, 650 S.W.2d at 948. In the cases cited by appellants, the party seeking to re-open showed a lack of due diligence, either by requesting to re-open after the jury verdict or by failing to introduce witnesses available during trial. *Guerrero v. Standard Alloys Manufacturing Co.*, 598 S.W.2d 656, 658 (Tex.Civ.App.—Beaumont 1980, no writ); *Kroger Company v. Cellan*, 560 S.W.2d 505, 509 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.); *Smart v. Missouri-Kansas-Texas Railroad Co.*, 560 S.W.2d 216, 218 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.).

The facts here, however, do not show a lack of due diligence. During trial, appellee introduced invoices for Thoco–50 that it had purchased from Essex-Hines. It was this substance that exploded, killing Turner. The invoices mentioned the flammability of some items listed, but failed to list Thoco–50 as a flammable substance. Appellee introduced the invoices to show that Essex-Hines' gave no warning of the danger of Thoco–50. Upon appellant's objection, appellee removed invoices for dates after the accident, and the court admitted the invoices dated on or before the date of the accident. The invoice in question was admitted in evidence by the trial judge, but it was not placed among the admitted invoices. Appellant's counsel first mentioned the invoice in his closing argument, noting its absence from the admitted exhibits and calling it an attempt to conceal facts. Immediately thereafter, appellee sought to re-open the evidence. The judge admitted the invoice into evidence, characterized it as "removed in error," and stated that the admission was "consistent with the court's ruling at the time during trial."

The absence of the invoice resulted from the court's mistake, not from appellee's lack of diligence. *See Lifestyle Mobile Homes v. Ricks*, 653 S.W.2d at 604 (upholding the trial court's decision to re-open in order to admit evidence that was mistakenly omitted during the case-in-chief.) The invoice was not new evidence, and appellants make no claim of surprise. Admission of the invoice prevented appellants from having an unfair advantage.

This case differs from *Doran Development Corp. v. State*, 397 S.W.2d 534, 538 (Tex.Civ.App.—Tyler 1965, writ ref'd n.r.e.), cited by appellants, because in *Doran*, the evidence was first offered during final argument.

Finally, appellants argue that the trial judge's note that accompanied the invoice into the jury room was an improper comment on the evidence. The note read:

[This] is in addition to exhibit 7. Through my inadvertence it was left off of the original exhibit passed to the jury at the time of the trial. No fault should be attributed to either the plaintiff nor defendant for this accidental oversight.

The trial judge offered to let appellants' counsel explain to the jury why the evidence was being offered, but counsel refused and stated that the written instruc-

tion was the better procedure. Any complaint was thus waived.

The second point of error is overruled.

■ The third point of error contends that the jury verdict was against the preponderance of the evidence, because it ignored damages for which there was uncontroverted proof. Evidence was introduced showing Cleve Turner's physical pain and suffering prior to his death; the past mental anguish of his children; and the loss of care, counsel, and companionship by the children. The jury awarded nothing for these damages.

Texas cases hold that a jury must award something for every element of damages resulting from an injury. *Del Carmen Alarcon v. Circe,* 704 S.W.2d 520, 521 (Tex. App.—Corpus Christi 1986, no writ). However, no recovery is allowed unless liability has been established. In the absence of liability, the question of damages becomes immaterial. *Johnson v. Whitehurst,* 652 S.W.2d 441, 449 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.).

The jury did not find that Lone Star was grossly negligent. Therefore, any failure to find damages was harmless.

The third point of error is overruled.

■ The fourth and fifth points of error assert that the jury's failure to answer the gross negligence and proximate cause issues against Lone Star was against the great weight of the evidence.

Appellate courts cannot judge the credibility of witnesses. Accordingly, jury findings are upheld unless they are contrary to the overwhelming weight of the evidence. *Bee v. Robbins,* 303 S.W.2d 827, 830 (Tex. Civ.App.—Dallas 1957, no writ). A jury's answer to a proximate cause issue will be set aside only in exceptional circumstances. *Keith v. Silver,* 476 S.W.2d 335, 338 (Tex. Civ.App.—Houston [14th Dist.] 1971, writ ref'd n.r.e.).

Several witnesses testified that Lone Star did not know about the flammability

of Thoco–50 and that Essex-Hines failed to warn Lone Star. The jury could reasonably have found from such evidence that Lone Star's negligence was not gross and did not proximately cause the explosion.

The fourth and fifth points of error are overruled.

The judgment is affirmed.

LEVY, Justice, dissenting,

Because I disagree with the majority's treatment of appellant's first point of error, I dissent.

Appellee went to trial upon its pleading of a general denial only, but the trial court, upon appellee's request and over appellant's objection, submitted an issue to the jury on the deceased's contributory negligence. The jury affirmatively found contributory negligence on the part of the decedent, and that *only* his negligence proximately caused the accident in which he was killed.

It is undisputed that a defendant's theory of contributory negligence is one of the affirmative defenses that, according to Tex.R.Civ.P. 94,[1] *must* be affirmatively pled to entitle the defendant to raise the issue at trial. *McFadden v. Hale,* 615 S.W.2d 345, 348 (Tex.Civ.App.—Waco 1981, no writ).

Rule 94's language, as I read it, is mandatory, and does not provide that it may be ignored if the plaintiff has been somehow otherwise notified that the defendant may attempt to rely on an affirmative defense. When the court does submit a contributory negligence issue in the absence of an affirmative pleading, such a submission is reversible error. *See Wright v. McCoy,* 110 S.W.2d 223 (Tex.Civ.App.—Eastland 1937, no writ). Of course, Tex.R.Civ.P. 66 grants a party relief from his failure to plead an affirmative defense *if the court permits the party to amend his pleadings.*

---

1. Rule 94, Tex.R.Civ.P., provides in pertinent part:
   In pleading to a preceding pleading, a party *shall* set forth affirmatively ... contributory negligence ... and any other matter constituting an avoidance or affirmative defense.... (Emphasis supplied.)

In the case at bar, the trial court allowed the appellee an opportunity to introduce evidence of contributory negligence, conditioned upon appellee's filing an amended trial pleading setting forth that defense. But appellee did not correct its failure to raise the issue by filing such amended pleading. For the trial judge to submit an issue of contributory negligence to the jury, without pleadings to support it, is in my view error of reversible dimensions.

Neither is it valid for appellee to argue that it was entitled to raise the defense of contributory negligence merely because it was pled by a co-defendant, Essex-Hines. Our rules do not permit an affirmative defense raised by one defendant to inure automatically to the benefit of another defendant, where the pleading defendant is no longer even a party to the suit and liability is alleged to be joint and several. The affirmative defense of Essex-Hines must be independently pleaded and raised by appellee to entitle appellee to a special issue thereon, to be submitted to the jury. *See Leach v. Cassity's Estate,* 279 S.W.2d 630, 635 (Tex.Civ.App.—Fort Worth 1955, writ ref'd n.r.e.)

Nor can I accept the appellee's argument that the submission of the contributory issue was harmless error. Introduction of evidence supporting a contributory negligence theory affects not only the damages issues but also the proximate cause issues. The jury, in effect, completely denied recovery to the appellants when it refused to attach liability to Lone Star; i.e., the jury determined that Lone Star's negligence did not proximately cause Turner's injury, and that Lone Star was not grossly negligent. The jury, in fact, found that *only* Turner's negligence proximately caused his death. Under these circumstances, I cannot believe that the submission of the contributory negligence issue was harmless.

I would reverse the trial court's judgment and remand for a new trial.