11th
Court of Appeals

                                                               
Eastland, Texas

                                                             Memorandum
Opinion

 

Cubic
Energy, Inc. f/k/a Roseland Oil & Gas, Inc.

Appellant

Vs.                   No. 11-03-00313-CV -- Appeal from Palo Pinto
County

Clifton
H. Kees, Jr.

Appellee

 

All that remains in this case are issues
surrounding claims for attorneys=
fees and expenses which the trial court ruled that Cubic Energy, Inc. f/k/a
Roseland Oil & Gas, Inc. owed to Clifton H. Kees, Jr.[1]  We modify and, as modified, affirm.

In early 1999, Roseland Oil & Gas, Inc., sued
Regal Petroleum Services, Inc., Larry G. Bradford, William G. Vanderver,
Margaret Vanderver, Richard Ganders, and Clifton H. Kees, Jr. In the lawsuit,
Roseland alleged that William G. Vanderver was the president of Roseland during
the time pertinent to this lawsuit, that Margaret Vanderver was an officer of
Roseland and was married to William G. Vanderver during that time, and that
Richard Ganders was Roseland=s
secretary during that time.  Larry G.
Bradford was the president of Regal. 

Roseland alleged that Calvin Wallen, III, not
named individually in this lawsuit, became interested in buying a controlling
interest in Roseland.   On July 11, 1997,
Mr. Vanderver and Wallen entered into a letter agreement covering the
transaction.  As a part of what is
referred to as a preliminary AStandstill
Agreement,@ the
parties agreed to maintain the status quo on Roseland properties between the
time of the Standstill Agreement and the completion of the transaction.  The transaction was completed on December 1,
1997.








Roseland also alleged that, during the time
covered by the Standstill Agreement, Mr. Vanderver sought Wallen=s consent to enter agreements to
reenter and rework a well owned by Roseland. 
Wallen did not agree, but Mr. Vanderver entered the agreements
anyway.  The allegations were that these
agreements were contrary to the provisions of the Standstill Agreement.  Some of the agreements were between Roseland
and the Vandervers, between Roseland and Ganders, and between Roseland and
Regal, as well as others not parties to this suit.  In its petition, Roseland charged Mr.
Vanderver and Ganders with various acts of malfeasance, fraud, breach of
fiduciary duty, and negligence.  Roseland
further claimed that Bradford, Regal, and Mrs. Vanderver knowingly and actively
conspired with Mr. Vanderver and Ganders in order to commit fraud upon Roseland
and thereby to fraudulently acquire assets from Roseland.  The only allegations in the petition as far
as Kees is concerned are that in some of the challenged agreements it is
mentioned that the conveyances are subject to a one percent overriding royalty
interest owned by Kees and that Kees knowingly and actively conspired with Mr.
Vanderver and Ganders in order to commit fraud upon Roseland and thereby to
fraudulently acquire assets from Roseland. 
Kees alleged in his counterclaim that he acquired his overriding royalty
interest in exchange for geological services performed upon the subject
property as well as geological services performed upon other property.

From the inception of this lawsuit, George S.
Henry and his associates represented all of the defendants.  On July 25, 2000, Henry and his associates
filed a motion to withdraw from representation of the Vandervers.  On July 31, 2000, the trial court granted the
motion.  The trial court entered an
agreed order of dismissal as to Mr. Vanderver on October 11, 2000.  On October 26, 2000, Roseland, joined by the
Vandervers, filed a motion requesting that the trial court find that Henry and
his associates were disqualified from representing the remaining defendants due
to certain conflicts of interest which arose when they no longer represented
the Vandervers.  On November 29, 2000,
the trial court denied the joint motion to disqualify.








On December 15, 2000, Roseland filed an original
mandamus proceeding in this court in Cause No. 11-00-00400-CV in which it
sought a writ directing the trial court to set aside its November 29 order
refusing to disqualify Henry and his associates and also directing the trial
court  to enter an order finding that
Henry and his associates were disqualified from representing the remaining
defendants.  While the writ was pending,
a new sitting judge came to the trial court; and, because mandamus is personal
to the judge, we abated the proceeding until the new trial judge could consider
the motion for disqualification.  See
Jampole v. Touchy, 673 S.W.2d 569, 572 (Tex. 1984)(orig. proceeding).  The new trial judge also denied the motion
for disqualification, and this court conditionally granted the relief sought by
Roseland.  Henry and his associates
subsequently withdrew from the case.  Dee
Ann Smith was then hired in the place of Henry and his associates.

 As we have
earlier noted, at some point in time after the original transaction was finally
closed and during the pendency of this lawsuit, Roseland shareholders agreed to
merge Roseland into Cubic Energy, Inc. 
During the process of this litigation, Roseland or Cubic settled with
all of the defendants other than Ganders, and the trial court granted Ganders=s motion for summary judgment and
granted Kees=s motion
for partial summary judgment quieting Kees=s
title to the overriding royalty interest. 
Cubic nonsuited its fiduciary and civil conspiracy claims against
Kees.  Therefore, the only issues left in
the case at that point were those between Cubic and Kees concerning Kees=s claims for attorneys= fees and for expenses.

On September 25, 2002, the trial court heard the
issue of attorneys= fees and
expenses.  At the conclusion of the
hearing, the trial court took the matter under advisement.  The parties agree in their briefs that, after
some eight months, the trial court indicated that, in order to make an
appropriate and fair award, it wanted to hear additional testimony on the
issues of segregation,  attorneys= fees, and expenses.  Kees filed a motion to reopen. The motion to
reopen was filed on June 3, 2003.  On
June 5, 2003, the trial court granted the motion and set June 19, 2003, as the
trial date for the presentation of any additional testimony on the issues of
attorneys= fees and
expenses.  On June 17, 2003, Cubic filed
its response and objection to the motion. 
The trial court overruled the objection.








By written judgment signed on July 15, 2003, the
trial court entered judgment against Cubic for $15,914.99, the amount of
attorneys= fees
that Kees owed to Dee Ann Smith, his second lawyer in the case.  No complaint is made here regarding that
award.  The trial court also awarded Kees
the sum of $93,751.25, the amount of 
attorneys= fees
allegedly owed to Henry and his associates, Kees=s
first set of attorneys.  The trial court
also awarded expenses in the amount of $3,000.00 for expenses incurred on
behalf of Kees by Henry and his associates. 
The trial court also awarded Kees appellate attorneys= fees in the amount of $15,000.00
contingent upon his being successful in any appeal taken to the court of
appeals, an additional $5,000.00 if Cubic were unsuccessful in a writ of error
pro-ceeding to the Texas Supreme Court, and an additional $5,000.00 in the
event that a writ was granted by the Texas Supreme Court and if Cubic were
ultimately unsuccessful in connection with any such writ.  No complaint is made here regarding the award
of attorneys= fees on
appeal.

In its first issue on appeal, Cubic argues that
the trial court erred when it reopened the case either sua sponte or
upon motion by Kees.  We disagree.

TEX.R.CIV.P. 270 provides:

When it clearly appears to be necessary to the due
administration of justice, the court may permit additional evidence to be
offered at any time; provided that in a jury case no evidence on a
controversial matter shall be received after the verdict of the jury.

 

This is a nonjury case.  Therefore, the trial court could permit additional
evidence if it found that it was necessary to the due administration of
justice.  A decision to reopen the
evidence is a matter which is addressed to the sound discretion of the trial
court.  Forrest v. Hanson, 424
S.W.2d 899 (Tex.1968).  A trial court=s decision to reopen the evidence will
be disturbed on appeal only in those cases where it is shown that there has
been a clear abuse of discretion.  Forrest
v. Hanson, supra at 907.  The trial
court=s
discretion is to be liberally exercised in the interest of justice so that all
parties can fully develop their case.  Lifestyle
Mobile Homes v. Ricks, 653 S.W.2d 602, 604 (Tex.App. - Beaumont 1983, writ
ref=d n.r.e.).








Most of the cases which we have reviewed in this
area involve situations in which the trial court has refused to reopen the
evidence.  Courts have generally held
that it is not an abuse of discretion to refuse to reopen a case if the movant
has failed to show due diligence. See, e.g., Estrello v. Elboar, 965
S.W.2d 754 (Tex.App. - Fort Worth 1998, no pet=n).  In exercising its discretion with regard to a
motion to reopen, the trial court may consider whether the movant exercised due
diligence in first obtaining the evidence; whether the evidence is decisive;
whether presentation of the evidence will cause undue delay in the case; and
whether an injustice will result if the movant is not allowed to reopen the
evidence.  Lopez v. Lopez, 55
S.W.3d 194 (Tex.App. - Corpus Christi 2001, no pet=n);
see In re Marriage of Murphy, 561 S.W.2d 592 (Tex.Civ.App. - Amarillo
1978, no writ).  If the movant has
exercised due diligence, if the evidence is decisive, if there will be no undue
delay, and if an injustice will occur if the motion to reopen is denied, the
trial court may have a duty to allow the movant to reopen.  Word of Faith World Outreach Center
Church, Inc. v. Oechsner, 669 S.W.2d 364 (Tex.App. - Dallas 1984, no
writ).  However, these are only some of
the factors that a trial court may consider, and the final question that
remains is whether the evidence should be reopened in order to ensure the due
administration of justice.

We hold that the trial court did not abuse its
discretion in reopening the evidence in this case.  It is clear from the record that the trial
court was concerned with the fairness of its ruling.  At the beginning of the June 19, 2003,
hearing, the trial court explained several times that it was reopening the
evidence in the interest of fairness to both parties.  Further, there was no undue delay which
resulted from reopening the evidence, and no one suffered an injustice based upon
these facts.  As far as diligence is concerned,
Kees filed his motion to reopen as soon as he was aware that the court felt a
need to do so.  If for no other reason,
the evidence was decisive because the trial court wanted to hear that evidence
before it ruled.  Prior to the start of
the June 19 hearing, the trial court stated that it felt that there were some
attorneys= fees
that should be segregated, but that it needed additional evidence on the
issue.  The trial court further stated
that it was aware that, if there were attorneys=
fees which should be segregated and were not and if an appeal were taken and
error found, the proper remedy would be a remand Aand
[that] we=d be
right back here doing it all over again.@  The trial court further stated: AI just thought I would try to get it
right the first time.@  The trial court did not abuse its discretion
in reopening the evidence in this case Awhen
it clearly appear[ed] to be necessary to the due administration of justice.@ 
Rule 270.  Cubic=s first issue on appeal is overruled.








In its second issue on appeal, Cubic argues that
the trial court erred when it awarded Kees certain litigation costs and
expenses because they were not recoverable. 
Expenses such as delivery services, express delivery services, travel,
long distance telephone calls, facsimiles, postage, repro-duction expenses, and
transcripts of trial testimony are not recoverable.  Shenandoah Associates v. J & K
Properties, Inc., 741 S.W.2d 470 (Tex.App. - Dallas 1987, writ den=d). 
Filing fees, court reporter fees, transcript fees, and service of
subpoena and service of citation fees as well as deposition costs are examples
of costs and expenses which are recoverable. 
Shenandoah Associates v. J & K Properties, Inc., supra at
487.  The trial court awarded Kees the
sum of $3,000.00 in costs and expenses. 
Cubic argues that $1,231.55 in costs and expenses are recoverable by
Kees.  However, it has not shown on
appeal that the balance of the award consisted of non-recoverable costs and
expenses.  Kees showed at trial that
total costs and expenses in this case amounted to $16,572.00.  Such amount included certain non-recoverable
costs and expenses; but the award also included various filing fees, service of
process fees, deposition costs, and other legally-recoverable costs and
expenses well within the amount awarded by the trial court.  Cubic=s
second issue on appeal is overruled.

In its third issue on appeal, Cubic maintains that
the trial court erred when it awarded attorneys=
fees to Kees which Kees had incurred in connection with the attorney
disqualification matter and with the mandamus action in this court.  In its fourth issue on appeal, Cubic argues
that there was either no evidence or insufficient evidence to support the
$93,751.25 attorneys=
fee award to Kees.  In Cubic=s fifth issue on appeal, it claims that
the trial court erred when it awarded attorneys=
fees because the award was neither equitable nor just as a matter of law.  Because common arguments apply, we will
discuss these issues together.

As a general rule, the party who seeks to recover
attorneys= fees
carries the burden of proof. Stewart Title Guaranty Company v. Sterling,
822 S.W.2d 1, 10-11 (Tex.1991).  The
court in  Stewart said:

[T]he
plaintiff is required to show that the fees were incurred while suing the
defendant sought to be charged with the fees on a claim which allows recovery
of such fees.  When a plaintiff seeks to
recover attorney=s fees in
cases where there are multiple defendants, and one or more of those defendants
have made settlements, the plaintiff must segregate the fees owed by the
remaining defendants from those owed by the settling defendants so that the
remaining defendants are not charged fees for which they are not responsible.

 

Not only must attorneys=
fees be segregated as to amounts individually owed by the parties who incurred
the fees, the claims for attorneys=
fees must be segregated between those claims for which recovery is allowed and
those claims for which recovery is not allowed. Stewart Title Guaranty
Company v. Aiello, 941 S.W.2d 68, 73 (Tex.1997).  However, whenever the claims for which
attorneys= fees are
not allowed are so intertwined or so integrally related or so dependent upon
the same facts involved in a claim for which attorneys=
fees are allowed that the fees are inseparable, segregation is not required and
full recovery of attorneys=
fees is allowed.  Stewart Title
Guaranty Company v. Aiello, supra at 73.

The trial court=s
findings of fact carry the same weight as would the verdict of a jury.  Anderson v. City of Seven Points, 806
S.W.2d 791, 794 (Tex.1991). Cubic argues that there was no 








evidence presented in the original trial on attorneys= fees or after the trial court reopened
the evi-dence which would support the trial court=s
findings.  Cubic further argues that the
evidence was factually insufficient to support the findings and judgment of the
trial court.  We review the trial court=s findings of fact for legal and
factual sufficiency of the evidence by the same standards that are applied when
we review a jury=s
findings.  Ortiz v. Jones, 917
S.W.2d 770, 772 (Tex.1996). When we consider a no-evidence point, we consider
all of the evidence in the light most favorable to the judgment.  We make every reasonable inference in favor
of the judgment, disregard all contrary evidence and inferences, and will
uphold the judgment if it is supported by more than a scintilla of
evidence.  Associated Indemnity
Corporation v. CAT Contracting, Inc., 964 S.W.2d 276 (Tex.1998); Catalina
v. Blasdel, 881 S.W.2d 295 (Tex.1994). 
When we review the factual suffi-ciency of the evidence, we examine all
of the evidence, whether it is for or against the finding.  The evidence is factually sufficient if the
finding is not so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust.  Cain v.
Bain, 709 S.W.2d 175 (Tex.1986).








An examination of the evidence in the light most
favorable to the judgment shows that Kees either segregated attorneys= fees or that he showed them to be so
intertwined, so integrally related, and so dependent upon the same facts that
Kees was not required to segregate them except with respect to the attorneys= fees related to the motion to
disqualify in the trial court and with respect to the mandamus action in this
court.  Those fees are not so
intertwined, so integrally related, or so dependent upon the same facts as to
be recoverable.  The main case dealt with
the validity of oil and gas interests, fraud, acts of malfeasance, breach of
fiduciary duty, conspiracy, and negligence.  The matter of disqualification involved none
of those matters; neither did the mandamus action.  As a matter of law, Kees was not entitled to
attorneys= fees
related to the motion to disqualify and to the mandamus action.  Otherwise, the record and all inferences,
disregarding all contrary evidence and inferences therefrom, support the trial
court=s
findings of fact on attorneys=
fees.  Further, the remaining findings on
attorneys= fees are
not so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust.  Cubic=s third and fourth issues on appeal are
sustained in part and overruled in part. 
The record reflects that $52,197.00 in attorneys=
fees were awarded to Kees in connection with the motion to disqualify and the
mandamus action even though Cubic ultimately was successful in its
disqualification and mandamus actions. 
The judgment of the trial court is modified to delete that amount from
the award of attorneys=
fees.  Otherwise, the evidence is
sufficient to support the findings of the trial court.

Further, based upon the  record, Cubic has not shown that the
remaining attorneys= fees are
not equitable and just as a matter of law. 
Cubic=s fifth
issue on appeal is overruled.

We affirm the trial court=s
action in reopening the evidence in this case. 
We modify the judgment of the trial court by deleting $52,197.00 from
the judgment which sum represents attorneys=
fees related to the motion to disqualify or to the mandamus action.  As modified, the judgment of the trial court
is affirmed.

 

JIM R. WRIGHT

JUSTICE

 

September 16, 2004

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











[1]During the process of this lawsuit, by vote of its
shareholders, Roseland was merged into Cubic.