

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00369-CV

**CITY OF SAN ANTONIO**,
Appellant

v.

John **AGUERO**,
Appellee

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 388746
Honorable Timothy Johnson, Judge Presiding

Opinion by: Irene Rios, Justice

Sitting: Marialyn Barnard, Justice
Patricia O. Alvarez, Justice
Irene Rios, Justice

Delivered and Filed: June 13, 2018

REVERSED AND REMANDED

The City of San Antonio appeals a judgment entered based on a jury verdict awarding John

Aguero damages for injuries he sustained in an automobile accident. The sole issue presented on

appeal is whether the trial court abused its discretion in refusing to charge the jury with determining

Aguero's percentage of responsibility. We reverse the trial court's judgment and remand the cause

to the trial court for a new trial.

## BACKGROUND

On September 13, 2013, Raul Champion sued Aguero and the City for injuries he sustained in an automobile accident. Champion alleged he was a passenger in a vehicle being driven by Aguero when the vehicle was struck by a vehicle being driven by an employee of the City. Champion alleged Aguero was negligent based on driver inattention, failing to control his speed, and disregarding a red traffic signal. Champion alleged the City's employee was negligent based on driver inattention and failing to take adequate evasive action. On October 17, 2013, the City filed its original answer which included a section entitled "contributory negligence."

On March 14, 2014, Aguero filed a cross-claim against the City for injuries he sustained in the accident alleging various negligent acts by the City's employee, including failing to yield the right of way. The City filed an original answer to the cross-claim asserting, among other defenses, that the accident was the sole and proximate cause of negligence by the other parties to the suit.

On December 1, 2014, Champion filed a motion to dismiss his claims against Aguero based on a settlement, and the trial court signed an order dismissing those claims.

On August 15, 2016, the City filed a second amended answer to Champion's petition asserting, among other defenses, the following:

> [Champion's injuries] were caused by various negligent acts and/or omissions by a Third Party, specifically driver of the Plaintiff's vehicle John Aguero. Specifically Defendant CITY OF SAN ANTONIO pleads the following acts and/or omissions by Aguero: driver inattention; failure to control speed; failure to keep proper lookout; and, disregard of a traffic signal. Each and every of the previously stated acts or omissions solely or in combination resulted in the underlying accident.

After Champion and Aguero further amended their pleadings on August 29, 2016, and August 31, 2016, the City filed amended answers to both pleadings on September 2, 2016. In its third amended answer to Champion's petition, the City asserted the same defense quoted above in

the second amended answer. In its amended answer to Aguero's cross-claim, the City asserted "the accident was the sole and proximate cause of negligence by other parties to this suit."

On November 10, 2016, Aguero submitted his proposed jury charge which contained a question requiring the jury to assign a percentage of responsibility to the City and to Aguero.

On November 22, 2016, the City filed a fourth amended answer to Champion's petition and an amended answer to Aguero's cross-claim citing Chapter 33 of the Texas Civil Practice and Remedies Code and asserting its right to have any damage award offset by the contributory negligence of Aguero and any previous settlements.

At some point prior to trial, the City and Champion settled Champion's claims against the City. On January 23, 2017, the first day of trial, Aguero filed a motion to strike the amended answer filed by the City on November 22, 2016, asserting it was filed after the deadline set forth in the docket control order for amending pleadings. The City filed a response to the motion, noting the automobile accident in question "happened in an intersection that both drivers claim to have entered under a green light or green arrow. Each party contends the accident resulted from the other party's negligent driving." The City asserted the docket control order was superseded when the trial setting was continued from November 14, 2016, to January 23, 2017. After hearing arguments, the trial court granted Aguero's motion to strike.[1]

The case proceeded to a jury trial. At the charge conference, the trial court denied the City's request to submit a question requiring the jury to assign a percentage of responsibility to the City and to Aguero. Instead, the jury charge submitted to the jury asked whether the negligence

---

[1] Although the reporter's record contains a portion of the arguments on this issue, it appears there were other arguments that were made that were not recorded because on the record the City's attorney makes reference to what he "mentioned last Friday."

of the City was a proximate cause of the accident. The jury answered yes and awarded Aguero damages. The City appeals the judgment signed by the trial court based on the jury's verdict.

## THE CITY'S ARGUMENTS

The City argues the trial court abused its discretion in refusing to submit a question requiring the jury to assign a percentage of responsibility to the City and to Aguero because the City's pleadings put Aguero on fair notice of the City's allegation that Aguero's negligence caused or contributed to cause the accident. Alternatively, the City argues section 33.003(a) of the Texas Civil Practice and Remedies Code ("Code") imposes a mandatory duty on the trial court to submit all parties' responsibility to the jury in every tort case regardless of the pleadings.[2] Finally, the City argues the trial court erred in striking the City's amended answer to Aguero's cross-claim which specifically referred to Chapter 33 of the Code.

We conclude the City's pleadings, even absent the answer stricken by the trial court, put Aguero on fair notice of the City's allegation that Aguero's negligence caused or contributed to cause the accident. Therefore, we hold the trial court abused its discretion in refusing to submit a proportionate responsibility question. Because we sustain the City's first argument, we need not

---

[2] Section 33.003 provides:

(a) The trier of fact, as to each cause of action asserted, shall determine the percentage of responsibility, stated in whole numbers, for the following persons with respect to each person's causing or contributing to cause in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these:
   (1) each claimant;
   (2) each defendant;
   (3) each settling person; and
   (4) each responsible third party who has been designated under Section 33.004.

(b) This section does not allow a submission to the jury of a question regarding conduct by any person without sufficient evidence to support the submission.

TEX. CIV. PRAC. & REM. CODE ANN. § 33.003 (West 2015).

address the City's other arguments. *See* TEX. R. APP. P. 47.1 (requiring appellate court to only address issues "raised and necessary to final disposition of the appeal).

## STANDARD OF REVIEW AND APPLICABLE LAW

Rule 277 of the Texas Rules of Civil Procedure provides, "In any cause in which the jury is required to apportion the loss among the parties[,] the court shall submit a question or questions inquiring what percentage, if any, of the negligence or causation, as the case may be, that caused the occurrence or injury in question is attributable to each of the persons found to have been culpable." TEX. R. CIV. P. 277. Rule 278 then provides, "The court shall submit the questions, instructions and definitions in the form provided by Rule 277, which are raised by the written pleadings and the evidence." [3] TEX. R. CIV. P. 278; *see also Hyundai Motor Co. v. Rodriguez ex rel. Rodriguez*, 995 S.W.2d 661, 663 (Tex. 1999) ("A trial court must submit in its charge to the jury all questions, instructions, and definitions raised by the pleadings and evidence."). "[A] trial judge is accorded broad discretion [in submitting a charge to the jury] so long as the charge is legally correct." *Hyundai Motor Co.*, 995 S.W.2d at 664. Accordingly, we review a trial court's jury-charge rulings for abuse of discretion. *Sw. Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699, 727 (Tex. 2016).

"Texas follows a 'fair notice' standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). "The purpose of this rule is to give the opposing party information sufficient to enable him to prepare a defense." *Id*. at 897. "When a party fails to specially except, courts should construe

---

[3] As previously noted, the City contends section 33.003(a) of the Code imposes a mandatory duty to submit a proportionate responsibility question irrespective of the pleadings and controls over Rule 278. Because we hold the City's pleadings put Aguero on fair notice of the City's allegation that Aguero's negligence caused or contributed to cause the accident, we express no opinion on the City's alternative argument.

the pleadings liberally in favor of the pleader." *Id.*; *see also Brooks v. Excellence Mortg., Ltd.*, 486 S.W.3d 29, 43 (Tex. App.—San Antonio 2015, pet. denied).

ANALYSIS

From the briefing in this case, it appears the trial court focused exclusively on the City's answer to Aguero's cross-claim in which the City asserted "the accident was the sole and proximate cause of negligence by the other parties to this suit." Because the City's answer referred only to "sole and proximate cause" and not to "contributory negligence," the trial court denied the proportionate responsibility question. However, we conclude that in determining whether Aguero had fair notice of the City's allegation in this case, the trial court should have considered the City's answer to Champion's claim as well. *See* TEX. R. CIV. P. 45 ("[P]leadings shall be construed so as to do substantial justice."); *cf. Turner v. Lone Star Indus., Inc.*, 733 S.W.2d 242, 244 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.) (relying on answer asserting plaintiff's negligence was sole proximate cause by defendant who settled four days before trial to provide fair notice of contributory negligence defense for another defendant).

Although the record establishes the City settled with Champion before trial, the record is unclear regarding when that settlement occurred.[4] Because the City filed amended answers in response to both Champion's claim and Aguero's cross-claim on November 22, 2016, we must presume the settlement occurred after that date. The City's amended answer to Champion's claim provided more than fair notice of its allegation that Aguero's negligence was a contributing cause of the accident. As previously noted, in its amended answer, the City asserted:

> [Champion's injuries] were caused by various negligent acts and/or omissions by a Third Party, specifically driver of the Plaintiff's vehicle John Aguero. Specifically Defendant CITY OF SAN ANTONIO pleads the following acts and/or omissions

---

[4] The briefs cite a final take nothing judgment signed on April 25, 2017 as evidence of the settlement between Champion and the City. The trial was held on January 23-26, 2017, and the judgment based on the jury's verdict was signed on February 23, 2017.

by Aguero: driver inattention; failure to control speed; failure to keep proper lookout; and, disregard of a traffic signal. Each and every of the previously stated acts or omissions solely or in combination resulted in the underlying accident.

Moreover, the proposed jury charge submitted by Aguero on November 10, 2016, which included a proportionate responsibility question, is further assurance that Aguero had fair notice that the City was alleging he was solely or contributorily negligent. *See Bowen v. Robinson*, 227 S.W.3d 86, 91 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) ("The test of fair notice is whether an opposing attorney of reasonable competence, with the pleadings before him, can ascertain the nature and the basic issues of the controversy and the testimony probably relevant.") (internal quotation omitted). Therefore, because the City's pleadings contained fair notice of allegations to support a proportionate responsibility question, we hold the trial court abused its discretion in excluding such a question from the jury charge.

## CONCLUSION

Because the trial court abused its discretion in excluding a proportionate responsibility question from the jury charge, we reverse the trial court's judgment and remand the cause to the trial court for a new trial.

Irene Rios, Justice