Ladell Yvonne KIRK et vir, Appellant,

v.

Rebecca Sue BENNETT, Appellee.

No. 4888.

Court of Civil Appeals of Texas, Waco.

May 21, 1970.

Rehearing Denied June 18, 1970.

Beard & Kultgen, M. Frank Beard, Waco, W. A. Keils, Jr., Teague, for appellant.

Naman, Howell, Smith & Chase, George Chase, Roy Barrett, Waco, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff from a take nothing judgment in a suit for damages for a miscarriage after plaintiffs' automobile was struck by defendant's automobile.

Plaintiff Kirk sued defendant Bennett alleging she was driving her automobile on U. S. Highway 84 in Freestone County on October 20, 1968, and was attempting to make a left turn onto Farm Road 1361, when she was struck from the rear by an automobile driven by defendant Bennett. Plaintiff alleged the collision was caused by the negligence of defendant; that plaintiff was pregnant; and as a proximate result of the collision she suffered a miscarriage.

Defendant answered by general denial; alleged plaintiff guilty of negligence causing the accident; and that the collision was the result of an unavoidable accident.

Trial was to a jury which found:

1) Defendant did not fail to keep a proper lookout.

3) Defendant failed to turn to the right immediately prior to the collision.

4) Such failure was not negligence.

6) Defendant did not fail to make proper application of her brakes immediately before the collision.

7A) Defendant was not operating her automobile at an excessive speed on the occasion in question.

8) Plaintiff did not fail to keep a proper lookout on the occasion in question.

10) The collision was the result of an unavoidable accident.

11) Plaintiff did not fail to give a signal of her intention to turn left on the occasion in question.

14) Plaintiff did not drive her automobile from the shoulder of the road onto the lane of traffic just prior to the collision.

17) Plaintiff was damaged $15,000.

The trial court entered judgment on the verdict that plaintiff take nothing.

Plaintiff appeals on one point: The trial court erred in admitting testimony by defendant Bennett, on her re-direct examination to the effect that visibility was obstructed by the hill on the occasion in question, based on her observations at some later time after the collision in question, over the objection of plaintiff that such was an experiment and that the experiment did not meet the conditions as they existed on the day in question; that the experiment was conducted with different cars and under different circumstances from those which existed on the day in question; and objecting to any conclusions drawn or stating any results from such experiment.

The collision occurred between Mexia and Teague on U. S. Highway 84 at the intersection of Farm to Market Road 1336, on October 29, 1968, between 5:00 and 5:30 P.M. Both vehicles were proceeding east toward Teague. Plaintiff was attempting to make a left hand turn when her automobile was struck in the rear by the automobile driven by defendant.

The intersection of the two roads is on the crest of a hill. The distance from the crest of the hill west to the bottom of the hill is approximately 250 to 300 yards. The road is straight, the slope is gradual; and Highway Patrolman Glass who investigated the collision testified there are no obstructions to a view of the intersection other than a possible slight obstruction caused by the hill crest itself. Plaintiff testified the hill does not obstruct the view of the intersection and did not obstruct her view.

Defendant in her oral deposition prior to trial, in reponse to the question of whether the hill obstructed her view said: "Yes sir, I think it—well, it didn't present a clear view as a whole where you cannot see, it wasn't real vivid but I think it did have something to do with it." On direct examination on the trial defendant testified that you cannot see the intersection as you go up the hill "because of the slope of the road. The intersection is right on the other side of the hill"; that she could not see the plaintiffs' car sitting in the intersection prior to getting to the top of the hill; that she "couldn't see anything in the intersection, the hill obstructed her view"; that she was first aware of the Kirk vehicle when she crested the hill; that immediately upon seeing plaintiffs' vehicle she applied her brakes, but struck plaintiffs' vehicle.

On redirect examination defendant was asked if she had been to the scene since the time of the deposition and tried to find out what the hill does toward obstructing the view. She said "Yes sir," and was asked "What did you do?". She answered: "I took my car and parked it right here, where—". Counsel for plaintiff objected "to some experiment * * * which didn't meet the conditions as they existed on this day. It's an entirely different situation from what was presented on this day, for her to go and make an experiment with different cars and different circumstances. We would object to any conclusions drawn from that, or stating any results of any such experiment".

The Court stated: "At this time it will be overruled. I just can't tell yet," and the examination continued by Mr. Chase.

"Q: What did you do Rebecca?

A: On this day?

Q: Yes, go ahead.

A: I parked my car right here, and then I walked back down this slope, and I got down at the level where my Mustang would be, that low. And you cannot see a car right here.

Q: Thats all. We pass the witness.

Mr. Beard:

Q: Just a minute, its not that easy. Did you try parking the car out where you marked F2 on this diagram?

A: Well, I got back and we saw cars going over that place.

Q: And you were where?

A: I was back down as it starts to rise, in the road.

Q: In the road?

A: Yes, in the middle.

Q: In the middle of the road?

A: Yes sir.

Q: And you were stooped down?

A: Yes sir, because I know how far it is on the Mustang."

Plaintiff asserts the only evidence in the record which would support a finding of unavoidable accident is the testimony relating to the obstruction of view caused by the crest of the hill; that prior to the experiment evidence, there was evidence in the record to support either proposition that the hill did or did not obstruct the view; that the evidence of experiment was inadmissible and was calculated to and probably did cause rendition of improper judgment.

We overrule plaintiffs' point.

The experiment was conducted at the scene of the accident using the same road and same hill as involved in the accident. In conducting the "experiment" defendant placed her automobile in substantially the position over the crest of the hill where plaintiffs' automobile was located prior to the collision. After parking her car she "walked back down the slope, and got down to the leval where my Mustang would be". She had the same view of the hill immediately before the accident. The experiment was made and the accident occurred during daylight and during the Fall of the year. The location of plaintiffs' vehicle at the time of the collision and of defendant's vehicle at the time of experiment was at substantially the same place; and the place from which defendant made her observation was at substantially same place it was at the time of the accident, which was the bottom of the slope of the hill.

Evidence of experiment made out of court is admissible when there is substantial similarity between conditions existing at the time of occurrence giving rise to the litigation, and at time experiment is conducted. Identical conditions are not essential. And admission of evidence of experiment made out of court is discretionary whenever dissimilarity between occurrence conditions and circumstances of experiment is minor, or can be made abundantly clear by explanation. Ft. Worth & Denver Ry. v. Williams, Tex., 375 S.W.2d 279.

We think the evidence admissible under the foregoing authority, but if we be mistaken, we think that under the record as a whole, such was harmless. Rule 434 Texas Rules of Civil Procedure.

Affirmed.