Kenneth KEITH, Appellant,

v.

Louis SILVER, Appellee.

No. 524.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 29, 1971.

Rehearing Denied Jan. 19, 1972.

---

Lawrence J. Madigan, Schmidt, Matthews & Peterson, D. L. McClure, McClure & Burch, Houston, for appellant.

Perry Archer, Houston, for appellee.

TUNKS, Chief Justice.

Kenneth Keith sued Louis Silver for damages for personal injuries sustained in a one car accident. Silver died before the trial and his executrix appeared as defendant. A jury trial resulted in a judgment for the defendant, Silver's estate, and the plaintiff, Keith, has appealed.

Keith is a refrigeration mechanic. On May 30, 1967, Silver drove his 1955 Buick automobile to Keith's place of employment. It was Silver's purpose to pick up Keith and to take him to estimate the cost of repairs of a refrigerator. Silver parked his car perpendicular to the curb in front of Keith's place of employment. After Keith had got in the car Silver put it in reverse gear and began to back away from the curb. After the car had moved backward for a few feet, and apparently with the gear shift lever still in the reverse position, the car began moving forward. It ran over the curb, across the sidewalk and into the brick building in which Keith worked. The curb was estimated to be 8 to 10 inches high and the sidewalk 12 feet wide. After the car struck the building it again began to move backward. Again, after moving backward a few feet, it went forward and struck the building. This occurred three or four times. The car stopped when Silver turned off the ignition.

Several acts and omissions of alleged negligence on Silver's part were submitted

to the jury in special issues. The jury failed to find any other negligence, but did find that Silver failed "to make such application of the brakes as a person using ordinary care would have made." The jury then failed to find that such failure was a proximate cause of "the occurrence in question". The jury answered another issue that "the occurrence in question" was the result of an unavoidable accident. The jury found that Keith was not riding as a "guest". To the issue inquiring as to past medical expense the jury answered "$400.-00." To one issue inquiring as to future medical expense and to another inquiring as to past and future physical and mental pain and suffering, loss of earnings and future loss of earning capacity the jury answered "None."

The trial court defined proximate cause as requiring the absence of any "new and independent cause." There was no objection to such definition.

Appellant's 19 points of error may be divided into four groups. The first group concerns the evidence relating to the proximate result of Silver's failure to properly apply his brakes. The second group concerns the admissibility of testimony of the mechanic who repaired Silver's car. The third group concerns the jury's answer of the unavoidable accident issue. The fourth group concerns the jury's answers to the damage issues.

The appellant contends that the evidence shows as a matter of law that appellee's failure to properly apply his brakes was a proximate cause of the collisions with the building. Alternatively, appellant contends that the jury's failure to find such proximate cause was such a disregard of the preponderance of the evidence as to be clearly wrong.

The general facts of the event were established by the testimony of the plaintiff, a witness who was working nearby and a policeman who made an investigation. Excerpts from Silver's deposition were read. There was nothing in the testimony of those witnesses which established the cause of the accident except the inferences to be drawn from the facts and nature of its occurrence.

The defendant called as a witness David Meyers, the mechanic who had worked on Silver's car both before the accident and immediately after it. In working on the car after the accident he took the transmission apart and, apparently finding nothing wrong, reassembled it. He then tested the car. When he put it in reverse it moved backward, then without any shifting of gears it started moving forward. He was able to stop it within a few feet by applying the brakes. On further inspection he found a metal bracket that was bent. The purpose of the bracket was to keep the gear shift mechanism from going past the reverse position and into a forward gear. Meyers expressed the opinion that this defect was the cause of the car's peculiar operation at the time of the accident.

■ The issue with which we are here concerned was conditioned upon the jury's finding that Silver failed to properly apply his brakes. It was in the following language:

"Do you find from a preponderance of the evidence that such failure was a proximate cause of the occurrence in question?"

It was answered, "We do not".

Such answer did not constitute a finding that such failure was not the proximate cause of the accident. It was a failure or refusal by the jury to find such causation. C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191 (Tex.Sup.1966). Thus the usual "no evidence" or "insufficient evidence" points of error are not applicable. That does not mean, however, that the evidence (or the absence thereof) relating to the issue has no relevance in this appeal. If the evidence established conclusively, as a matter of law, that Silver's failure to apply his brakes was a proximate cause of the accident, then such disposition of the

case should be made as would have been made if the jury had, with proper evidentiary support, answered the issue "We do." If the evidence so preponderated in favor of an affirmative answer that the jury's negative answer was clearly wrong and unjust, then appellant's point to that effect should be sustained. Such holding might, depending upon other aspects of the case, require a reversal and remand of the case. Garza v. Alviar, 395 S.W.2d 821 (Tex. Sup.-1965). Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.L.Rev. 361 (1960).

■ To sustain his burden of proving proximate cause in this case the plaintiff had the burden of proving three elements, actual cause, foreseeability and the absence of intervening cause. The question of proximate cause, often involving the weighing of intangibles, is one peculiarly within the province of the jury. Courts are reluctant to set aside a jury's answer to proximate cause issues and will do so only in exceptional cases. Enloe v. Barfield, 422 S.W.2d 905 (Tex.Sup.1967). In this case the jury reasonably could have concluded that one or more of the elements of proximate cause was missing. Especially is that true of the element of foreseeability. Would a reasonable man, under the circumstances of this case, have foreseen that his car, while apparently in reverse, would go forward and strike the building? It is true that Mr. Meyers testified that he stopped the car in 3 or 4 feet when it similarly behaved, but he was on notice that it might so act. It certainly could be argued that at some point of time between the car's first forward movement and the last collision with the building the driver would have foreseen that if he didn't apply his brakes he would hit the building. But each time the car struck the building it started backward again. It is not necessarily true that the driver would have foreseen its repetition of the malfunction. We may not look to the jury's finding that Silver was negligent in failing to apply his brakes in weighing the evidence as to the proximate cause of such failure. C. & R. Transport, Inc. v. Campbell, supra; Smith v. Texas Pipeline Company, 455 S.W.2d 346 (Tex.Civ.App.-Corpus Christi 1970, writ ref'd n. r. e.). The evidence here neither established proximate cause conclusively nor so preponderated in favor of its being found that the jury's failure to find it was clearly wrong. Those points of error relating to the proximate cause issue are overruled.

Appellant's next group of points relates to objections to Meyer's testimony. Those objections were that he was permitted to express opinions without showing qualifications to do so and that he was permitted to testify as to tests upon Silver's car and another car of like make and model which tests were performed under dissimilar circumstances.

■ First it is doubtful that the defendant preserved the alleged error as to the witness' qualification by proper objection. Nevertheless, the witness testified that his business was that of an automobile mechanic, that he specialized in the repair of transmissions and that he had worked on Silver's car before. The trial court has broad discretion in passing on the qualification of expert witnesses. Lone Star Gas Company v. Thomas, 345 S.W.2d 844 (Tex.Civ.App.-Ft. Worth 1961, writ ref'd n. r. e.). No abuse of that discretion is shown here.

■ The trial court ruled that the experiments or tests performed on defendant's automobile after overhaul of the transmission and that on a similar automobile were not made under substantially similar conditions. He admitted this testimony strictly limiting it to the question of unavoidable accident—it was not admitted as evidence tending to show that defendant's automobile did in fact jump forward while apparently in reverse, but to show that such was a possible happening. By limiting this testimony and explaining the dissimilarity, the trial judge had discretion to admit this evidence. Hullum v. St. Louis

Southwestern Railway Company, 384 S.W. 2d 163 (Tex.Civ.App.-Tyler 1964, writ ref'd n. r. e.); Standard Motor Company v. Blood, 380 S.W.2d 651 (Tex.Civ.App.-Houston 1964, no writ). This evidence had bearing on the question of unavoidable accident and would be of some aid to the jury on this question. No abuse of discretion is shown. Appellant's second set of points is overruled.

The overruling of the points of error relating to the proximate cause issue effectively disposes of those points relating to the unavoidable accident issue. Under the circumstances the errors, if any, relating to the damage issues are immaterial. Southern Pine Lumber Co. v. Andrade, 124 S. W.2d 334 (Tex.Comm'n App.1939, opinion adopted). If they were material the points of error relating thereto would be overruled.

The judgment of the trial court is affirmed.