Hortencia **GARZA, Individually and As Next Friend of Robert Vento, A Minor, Appellant,**

v.

**Lisa Annette COLE, John Cole and Cole Motor Company, Inc., Appellees.**

**No. C14–86–243–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 18, 1987.

Talmadge Boyd, James J. Hippard, Jr., Houston, for appellant.

Thomas S. Hornbuckle, Houston, for appellees.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Appellant, Hortencia Garza, individually and as next friend of Robert Vento, a minor, appeals from a take nothing judgment entered in favor of appellees Lisa Annette Cole, John Cole, and Cole Motor Company, Inc. In two points of error, appellant argues that the trial court abused its discretion by admitting the narrative testimony of appellee's witness and the accompanying video tape of the accident scene prepared by that witness for appellee. We affirm.

In October 1983, Lisa Annette Cole struck Robert Vento with her car as he crossed an intersection. At the beginning of the trial, appellant requested the court to "invoke the rule" and exclude all witnesses, other than the parties, from the courtroom. The court granted appellant's request.

In his first point of error, appellant argues that the trial court abused its discretion when it allowed the video technician to testify because he had remained in the courtroom during the testimony of other witnesses in violation of the court's order. We disagree.

■ Upon the request of either party, the court may place all prospective witnesses, except the parties, "under the rule" and after being sworn and properly instructed, they are removed from the courtroom to some other place where they cannot hear the testimony delivered by any other witness in the case. Texas.R.Civ.P. 265.

When the rule has been invoked and is breached, the court may determine whether to permit the witness to testify, and the court's ruling in this regard will not be overturned absent a showing of manifest abuse of discretion. *Holmes v. Holmes,* 588 S.W.2d 674, 676 (Tex.Civ.App.–Beaumont 1979, no writ).

■ Here, appellant argues that the court abused its discretion because appellant was surprised by the introduction of the video tape and by appellees' use of this particular video technician. Appellant contends that appellees' use of this video technician was harmful because both sides had relied on the video technician to tape several depositions during discovery, and appellant had allowed him to sit at his counsel table during the trial. Appellant contends that the harm is reflected in the take-nothing judgment against him because all the evidence prior to the testimony of the video technician supported his side of the case. In other words, he attributes the jury's decision solely to prejudice resulting from the use of the video and the narration thereof by this particular video technician. We disagree.

First, the witness did not testify about the accident itself. He was not a fact witness. Rather, he testified about the video tape, which he made at appellees' request. The tape depicted what appellee Lisa Cole could have seen as she approached the intersection where the accident occurred. Appellant cross-examined the witness about the production of the videotape, including the weather conditions when he made the tape; his qualifications as a photographer; and the similarities or discrepancies between the circumstances of the original accident and those reflected by the tape.

Second, the record reflects sufficient evidence beyond the testimony of the video technician on which a jury could have found for the appellees and against the appellant. The court did not abuse its discretion by allowing the witness to testify. Appellant's first point of error is overruled.

■ In his second point of error, appellant argues that the court erred in admitting the video tape into evidence because it was not substantially similar to the actual accident scene. We disagree.

To render admissible evidence of an experiment made out of court and without the presence of the opposing party, it is generally required that there be a substantial similarity between the conditions existing at the time of the experiment and those surrounding the event giving rise to the litigation. *Ford Motor Company v. Nowak,* 638 S.W.2d 582, 590 (Tex.App.–Corpus Christi 1982, writ ref'd n.r.e.); *Fort Worth & Denver Railway Company v. Williams,* 375 S.W.2d 279, 281–82 (Tex.1964). However, the conditions do not have to be identical. *Ford Motor Company,* 638 S.W.2d at 590. The trial court has broad discretion in determining admissibility and absent an abuse of discretion, the court's decision will not be overturned. *Keith v. Silver,* 476 S.W.2d 335, 338 (Tex.Civ.App.–Houston [14th Dist.] 1972, writ ref'd n.r.e.). After reviewing the predicate laid for the admission of the film, we find that the court did not abuse its discretion by admitting the tape. The comparative discrepancies raised by the appellant about the tape experiment go to the weight of the testimony and not its admissibility.

The witness testified that he made the video on a day when the weather conditions were similar to the day of the accident, that he made the video traveling in the same direction as appellee Lisa Cole, and that the vehicle he was in was traveling at approximately thirty miles per hour—the same speed appellee was driving. He admitted that he was not in the same type of vehicle as that which appellee Lisa Cole drove, that he was not driving the vehicle when he made the tape, that he did not know the height or the line of sight of appellee Lisa Cole, nor the position of her car as she approached the intersection. He did testify that the film accurately portrayed the accident scene and that the tape was "filmed under conditions that were substantially similar to the accident scene viewed by a driver" who approached the accident scene from the same direction that Miss Cole approached it. He also testified that he was not influenced by the testimony of other witnesses. The videotape was approximately thirty seconds in duration.

Even assuming, arguendo, that the evidence was incorrectly admitted, the error will not require a reversal unless the error complained of amounts to such a denial of the rights of appellant that it was reasonably calculated to cause and probably did cause rendition of an improper judgment. Texas R.App. 81(b)(1). We do not find the error, if any, to be of such dimensions. Appellant's counsel at trial vigorously cross-examined the witness and questioned him about the dissimilarities in the video experiment. He further emphasized these matters in argument. We are confident the jury was able to evaluate and place this evidence in proper perspective.

Here, the evidence presented in the film was also supplemented by other witnesses, such as appellee Lisa Cole and eyewitnesses to the accident. Further, appellant introduced scaled drawings and photographs of the intersection and appellees relied on a consulting engineer to reconstruct the accident. We note that when the court admits evidence of a nature that is largely repetitious of testimony given by other witnesses, it is harmless error. *Reid v. El Paso Construction Company*, 498 S.W.2d 923, 925 (Tex.1973), *Ford Motor Company*, 638 S.W.2d at 590. Appellant's second point of error is overruled.

The judgment is affirmed.