Willie Mae RIDDLE, Executrix of
Wallace E. Riddle Estate,
Appellant,

v.

CITY OF PROVIDENCE, Appellee.

No. 88-CA-2688-MR.

Court of Appeals of Kentucky.

Dec. 15, 1989.

Steve P. Robey, Providence, for appellant.

Stephen R. Dunn, Providence, for appellee.

Before GUDGEL, HOWARD and WEST, JJ.

GUDGEL, Judge:

This is an appeal from a judgment entered by the Webster Circuit Court. The sole issue on appeal is whether the trial court erred by finding that a passageway constructed by appellee city over a creek located on a farm satisfied the city's duty, created through an easement, to erect a "bridge." For the reasons set out below, we conclude that the court's finding is clearly erroneous. Hence, we reverse and remand.

During the 1960's Owens Creek, located in Webster County, was rerouted as part of a flood control project. As the creek's new path traversed lands owned by appellant's decedent, the latter granted an easement to appellee city across a portion of his property. In partial consideration for the easement, appellee agreed to erect and maintain "a substantial bridge suitable for farm operations" connecting two tracts of the decedent's farmland which were bisected by the new watercourse. Over the years, several bridges were constructed and maintained. However, all of these were eventually destroyed by flooding. Appellee failed to replace the last bridge after a 1983 flood, and this action for damages followed. Eventually, the parties settled all issues between them except the issue which is before this court on appeal.

The record shows that sometime in or around 1988, in an effort to mitigate damages, appellee constructed a new passageway across the creek. The court visually inspected the structure and, in an order entered in September 1988, stated that the parties stipulated that the passageway

> consists of a substantial amount of concrete, with adequate footers, poured in the bed of the creek and up on each side, along with a substantial amount of gravel to finish off the approaches and surrounded by rip rap to prevent erosion. Except during extremely dry periods, a certain amount of water will run over the top of the concrete slab, which will vary depending on recent rainfall. Both parties agree that the structure as built is sufficiently substantial to handle farm equipment. Plaintiffs claim that the structure built by the Defendant is a "ford", whereas the Defendant insists that the structure be called a "low water bridge".

The court subsequently concluded that appellee had complied with its duty under the easement and dismissed appellant's complaint. This appeal followed.

It appears that no precise, legal definitions of the terms "bridge" and "ford" exist in Kentucky in either case law or statutes. Indeed, it is noted in 11 C.J.S.

*Bridges* § 1(a) (1938) that there is no precise legal meaning of the word "bridge" applicable to all cases, and that the question of just what constitutes a bridge is less a question of law than one of fact for determination under each particular set of circumstances. Nevertheless, this authority further notes that a bridge may broadly be defined as a "structure of wood, iron, brick, or stone, ordinarily erected over a river, creek, pond, or lake, or over a ravine, railroad, canal, or other obstruction in a highway, so as to make a continuous roadway and afford to travelers a convenient passageway from one bank to the other." Further, in 39 Am.Jur.2d *Highways, Streets, and Bridges* § 11 (1968), the word "bridge" is similarly defined, but that treatise adds that "any structure which affords a passageway by which travelers and others are enabled to pass safely over streams or other obstructions is within the legal definition of a bridge, so long as the passageway does not rest directly on the ground" (footnotes omitted).

Although Kentucky courts have not directly addressed the distinction between a "bridge" and a "ford," nevertheless the statements of facts in two Kentucky cases are instructive in this regard. In *Chesapeake & O.Ry. Co. v. Gorman*, 300 Ky. 230, 188 S.W.2d 316, 316 (1945), the court described an old county road as being one which crossed a creek "over which there was no bridge, but only a ford as a crossing." The court then noted that subsequent repairs to the road consisted in part of "laying four feet tiling in the bed of the creek in the old ford and surfacing the tiling with concrete to the height of what was supposed to be the usual and ordinary water carried by the creek." *Id.* 188 S.W.2d at 316–317. Thereafter, the opinion unambiguously referred to this new structure as a "bridge." In *Commonwealth, Department of Highways v. Dotson*, Ky., 405 S.W.2d 30, 31 (1966), by contrast, the court specifically referred to one party's construction of a "concrete ford across the creek which was passable virtually every day of the year." Since the ford had been destroyed during highway construction, the court noted that construction of a bridge across the creek would be necessary because the new creek channel was not fordable. Upon reading these statements by prior courts, it becomes clear that our courts do not view the construction of a concrete passageway, in and of itself, as being sufficient to transform a mere ford into a bridge. Instead, the determination of whether a given passageway constitutes a bridge appears to depend on whether water may pass through or beneath the structure, or whether it instead may only pass over the structure.

Here, it is uncontroverted that the passageway appellee constructed consists of a foundation and a twelve-inch-thick concrete slab. Further, appellee's mayor stated in his deposition that an additional solid wall of concrete prevents any flow of water through or beneath the structure and that, during periods of normal water flow, water about one-half inch deep will continuously flow across the concrete pad. Therefore, since the structure erected by the city does not allow the flow of water beneath it, we must conclude that it does not constitute a "bridge" in satisfaction of the city's duty under the easement to erect and maintain a bridge. Hence, it follows that the trial court's finding to the contrary is clearly erroneous and that it must be set aside.

The court's judgment is reversed and remanded for further proceedings consistent with the views expressed in this opinion.

All concur.