**ALLRIGHT, INC., Appellant,**

v.

**W.L. VAN SCOYOC, Appellee.**

**No. C14–88–1104–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 11, 1990.

Chris C. Pappas, Richard P. Hill, Houston, for appellant.

Paul F. Ferguson, Jr., Andrew H. Petty, Kevin Dubose, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellee sued Gerald Hines Interests, Inc., National Car Rental Systems, Inc. and appellant, Allright, Inc. for an alleged knee injury sustained in a fall on Allright's premises. The court below granted appellee's motion for sanctions for discovery abuse, struck appellant's pleadings, and granted an interlocutory default judgment on liability issues. The other two defendants were non-suited. The trial court tried the damage issues, and the jury awarded Van Scoyoc past and future actual damages in a final judgment signed Au-

gust 25, 1988. In two points of error, Allright contends that 1) the trial court abused its discretion by striking its pleadings and entering a default judgment on the issue of liability; and 2) that there was no evidence to support the trial court's award of damages for Van Scoyoc's loss of future earning capacity. We affirm.

Van Scoyoc sent written interrogatories and a request for production to Allright on August 7, 1984, pursuant to TEX.R.CIV.P. 167, 168. Service was made on August 9. The requests were never answered, and Van Scoyoc filed a motion to compel. On December 10, the trial court ordered Allright to respond to the interrogatories and request for production within 30 days. Allright responded to the request for production on January 17, 1985, and responded to the interrogatories on February 14. Allright's responses to interrogatories designated two fact witnesses and no expert witnesses.

Appellant did not supplement its responses or answers prior to trial. On June 13, 1988, after the discovery cut-off and less than 30 days before trial, Allright responded to the interrogatories of co-defendant National Car Rental. The response named two more persons with knowledge of relevant facts.

One of the originally named fact witnesses, Frank Smith, was deposed by agreement of counsel after the discovery cut-off. During the deposition, Smith revealed the names of three *additional* persons with knowledge of relevant facts. At the deposition, Allright also disclosed a written statement taken from Smith at the time of Van Scoyoc's injury. The statement, although covered under the scope of appellee's request for production, had not been previously produced because of what counsel for Allright characterized as an "oversight" and an "honest mistake."

The trial court granted appellee's motion for sanctions against Allright for its (1) failure to designate witnesses timely; (2) failure to supplement responses to Van Scoyoc's interrogatories and request for production; and (3) failure to respond timely to co-defendant National Car Rental Sys-

tems' interrogatories and request for production. Under point of error one, appellant contends that the trial court erred in striking appellant's pleadings and entering an interlocutory default judgment. There was no abuse of discretion.

■ Allright contends that it did not receive the interrogatories from National Car Rental within the discovery cut-off because they were sent to the wrong address. Counsel for appellant asserts that he changed his address twice and had registered the changes with the District Clerk's office in October, 1986, and May, 1988. He responded to the interrogatories within 30 days of receipt. This does not explain Allright's failure to respond initially to interrogatories and the request for production of Van Scoyoc in 1984. It also does not explain or excuse Allright's failure to comply timely with the trial court's order to respond or the failure to supplement responses over a period of four years.

■ A party who fails reasonably to supplement a response to a discovery request under Rule 166b cannot present evidence or witnesses that the party was duty-bound to reveal or identify. Tex.R.Civ.P. 215(5). This sanction is automatic unless good cause can be shown. *City of San Antonio v. Fulcher,* 749 S.W.2d 217, 219 (Tex.App.—San Antonio 1988, writ denied). Rule 215(2)(b) provides that if a party

[f]ails to comply with proper discovery requests or to obey an order to provide or permit discovery, ... [t]he court in which action is pending may, after notice and hearing, make such orders in regard to the failure as are just, and among the following: ...

(5) An order striking out pleadings or parts thereof, ... or rendering a judgment by default against the disobedient party;

The sanctions of the trial court were, therefore, among the actions permitted by statute.

■ A trial court's granting of sanctions can be set aside only if there was an abuse of discretion. *Morrow v. H.E.B., Inc.,* 714 S.W.2d 297, 298 (Tex.1986); *Plorin v. Bedrock F. & H. Leveling Co.,* 755 S.W.2d 490, 491 (Tex.App.—Dallas 1988, no writ). There is an abuse of discretion only if the record is clear that the trial court acted arbitrarily and unreasonably. *Simon v. York Crane & Rigging Co., Inc.,* 739 S.W.2d 793, 795 (Tex.1987). The party claiming the abuse has the burden of presenting a record which shows the abuse. *Id.*

■ A default judgment is admittedly a severe sanction, but here the sanction is consistent with the purposes set forth in *City of San Antonio,* supra. No particular proof of harm need be shown but only that there was an abuse of the discovery process. *Woodruff v. Cook,* 721 S.W.2d 865, 869 (Tex.App.—Dallas 1986, ref'd n.r. e.).

■ The appellate court must consider the entire discovery process in determining whether an abuse of discretion has occurred. *Clear Lake City Water Authority v. Winograd,* 695 S.W.2d 632, 640 (Tex. App.—Houston [1st Dist.] 1985, ref'd n.r. e.). The failure to answer and supplement Van Scoyoc's discovery requests timely was not proper.

■ Good cause must be shown why sanctions should not be levied. Proof of lack of surprise or prejudice is not relevant to showing good cause. *Morrow v. H.E.B., Inc.,* at 298; *Investors, Inc. v. Hadley,* 738 S.W.2d 737, 743 (Tex.App.—Austin 1987, writ denied). Eventual compliance with discovery requests does not preclude sanctions. *Assicurazioni Generali, S.p.A. v. Milsap,* 760 S.W.2d 314, 316 (Tex.App.—Texarkana 1988, writ denied). Allright withheld valuable information concerning facts bearing on liability in this case and has not shown good cause for withholding sanctions. The trial court did not abuse its discretion. Appellant's first point of error is overruled.

In its second point of error, appellant asserts that there was no evidence to support the trial court's award of damages for loss of future earnings and that the facts were insufficient to support the award.

A default judgment operates as an admission of all of the plaintiff's allegations of fact except the amount of damages. *Transport Concepts, Inc. v. Reeves,* 748 S.W.2d 302, 304 (Tex.App.—Dallas 1988, no writ). The damages must be proven. Where there are no findings of fact or conclusions of law in a default judgment, the appellate court will presume that the trial court had all the facts necessary to determine the damages. *Popkowsi v. Gramza,* 671 S.W.2d 915, 918 (Tex.App.—Houston [1st Dist.] 1984, no writ).

Here, there was sufficient evidence to sustain the damages awarded. The deposition testimony of the doctor indicates that Van Scoyoc's injured knee has impaired his total mobility by at least 15% and this could effect his present and future employment. Van Scoyoc then earned $44,000 a year with salary increments of up to $10,000 per year. Therefore, his potential loss of earning capacity as a 42-year-old is substantial. Point of error two is overruled.

The judgment of the trial court is affirmed.