Grady C. WELLS, Individually and as Administrator of the Estate of Martha Odell Wells, Deceased, and Curtis Lee Wells, Statutory Beneficiary, Appellants,

v.

HCA HEALTH SERVICES OF TEXAS, INC. d/b/a Red River Hospital, Appellee.

No. 2–90–048–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 19, 1990.

Rehearing Denied Jan. 23, 1991.

Publication Ordered April 18, 1991.

Sullivant, Sullivant, Meurer, Shaw and Zielinski, and Tex R. Shaw, Gainesville, for appellants.

Charles M. Barnard, Charles Oldham, Wichita Falls, for appellee.

Before JOE SPURLOCK, II, FARRIS and DAY, JJ.

DAY, Justice.

This is a medical malpractice case involving the care and treatment of Martha Wells, deceased. Grady C. Wells and Curtis Wells (hereinafter Wells) appeal from a take nothing judgment granted in favor of

HCA Health Services, Inc. (hereinafter HCA).

We affirm.

The Wells' first point of error asserts that the trial court erred in permitting an expert witness to testify since she was not designated as an expert in response to their discovery request and because HCA did not show good cause for its failure to supplement its answers to Wells' discovery requests. We disagree.

Under the Texas Rules of Civil Procedure, a party is under a duty to supplement discovery responses if the party expects to call an expert witness when the identity or subject matter of the expert's testimony has not been previously disclosed in response to an appropriate inquiry. *See* TEX.R.CIV.P. 166b(6)(b). The Rule also provides that any supplemental response should include the name, address, and telephone number of the expert witness and the substance of his testimony. *Id.* Rule 215(5) of the Texas Rules of Civil Procedure governs the sanctions against parties who fail to supplement discovery requests:

> A party who fails to respond to or supplement his response to a request for discovery shall not be entitled to present evidence which the party was under a duty to provide in a response or supplemental response or to offer the testimony of an expert witness or of any other person having knowledge of discoverable matter, *unless the trial court finds that good cause sufficient to require admission exists.* The burden of establishing good cause is upon the party offering the evidence and good cause must be shown in the record.

TEX.R.CIV.P. 215(5) (emphasis added).

■ A showing of good cause pursuant to Rule 215(5) must encompass a showing of good cause for the offering party's failure to supplement a proper discovery request. *Clark v. Trailways, Inc.,* 774 S.W.2d 644, 646 (Tex.1989); *Ramirez v. Volkswagen of America, Inc.,* 788 S.W.2d 700, 703 (Tex.App.—Corpus Christi 1990,

writ denied); *see also Allright, Inc. v. Van Scoyoc,* 784 S.W.2d 942, 944 (Tex.App.—Houston [14th Dist.] 1990, no writ) (good cause must be shown why sanctions should not be levied); *see generally* TEX.ALCO. BEV.CODE ANN. sec. 102.71 (Vernon Supp.1991) ("good cause" means the failure by any party to an agreement, without reasonable excuse or justification, to comply substantially with an essential, reasonable, and acceptable requirement imposed by the other party). Determination of good cause is within the trial court's sound discretion, and that determination will only be set aside if the trial court abused its discretion. *Allright,* 784 S.W.2d at 944; *K-Mart Corp. v. Grebe,* 787 S.W.2d 122, 126 (Tex.App.—Corpus Christi 1990, writ denied); *Orkin Exterminating v. Williamson,* 785 S.W.2d 905, 911 (Tex.App.—Austin 1990, writ denied).

■ In determining whether there was an abuse of discretion, we must ascertain whether the trial court's finding served the purpose of thwarting "[legal] gamesmanship and trial by ambush." *Ramirez,* 788 S.W.2d at 704 (quoting *Garcia v. Peeples,* 734 S.W.2d 343, 347 (Tex.1987)); *see also Rainbo Baking Co. v. Stafford,* 787 S.W.2d 41, 42 (Tex.1990) (goal of promulgating Rule 215(5) is to encourage full discovery of the issues and facts prior to trial so the parties can make realistic assessments of their respective positions). The fact that the witness's identity is known to all parties is not itself good cause for failing to supplement discovery. *K-Mart Corp.,* 787 S.W.2d at 126 (quoting *Sharp v. Broadway Nat'l Bank,* 784 S.W.2d 669, 671 (Tex.1990)). However, when a party supplements its answers immediately upon becoming aware that an individual is no longer a person with knowledge of relevant facts, then there is good cause for the late supplementation. *K-Mart Corp.,* 787 S.W.2d at 126; *Estate of Scott v. Victoria County,* 778 S.W.2d 585, 588 (Tex.App.—Corpus Christi 1989, no writ).

■ HCA's showing of good cause was premised on the evidence presented in the instant case. The evidence established:

1. HCA lost the services of its designated nursing expert shortly before trial;

2. Through no fault of its own, HCA's expert notified HCA that family obligations prohibited her from physically appearing to testify;

3. HCA's counsel also discovered the expert witness was not employed by HCA at the time of the incident;

4. The Wells knew HCA's position in the case and could reasonably surmise, without any surprise, the substance of the testimony of Linda Marks, HCA's substitute nursing expert;

5. HCA notified the Wells of Marks' identity as soon as it discovered the substance of Marks' testimony and was assured of Marks' availability to testify;

6. The Wells refused the trial court's offer to allow the Wells to depose Marks prior to trial; and

7. The Wells refused the court's offer to continue the trial until the Wells had adequate time to prepare for Marks' testimony.

We conclude that this evidence was sufficient to establish good cause not to *exclude* Marks' proffered testimony. We further find from the record that HCA demonstrated good cause to warrant the *admission* of the evidence. Therefore, we find that the trial court did not abuse its discretion in permitting Linda Marks to testify before the jury. Wells' first point of error is overruled.

In their second point of error, the Wells contend that the trial court erred in refusing to permit their expert, Linda Norton, to testify about experiments or tests the expert performed and from which she reached her opinions and conclusions. We disagree.

■ To render admissible evidence of an experiment made out of court and without the presence of the opposing party, it is generally required that there be *substantial* similarity between the conditions existing at the time of the experiment and those surrounding the event giving rise to the litigation. *Garza v. Cole*, 753 S.W.2d 245, 247 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) (quoting *Fort Worth & Denver Ry. Co. v. Williams*, 375 S.W.2d 279, 281–82 (Tex.1964)); *Sinko v. City of San Antonio*, 702 S.W.2d 201, 204 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.) (quoting *Ford Motor Co. v. Nowak*, 638 S.W.2d 582, 590 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.)). However, conditions need not be identical. *Garza*, 753 S.W.2d at 247 (quoting *Ford Motor Co.*, 638 S.W.2d at 590); *Kirk v. Bennett*, 456 S.W.2d 191, 194 (Tex.Civ.App.—Waco 1970, writ ref'd n.r.e.).

■ The trial court has broad discretion in determining the admissibility of an experiment made out of court and without the presence of opposing counsel, and absent an abuse of discretion, the court's decision will not be overturned. *Garza*, 753 S.W.2d at 247 (quoting *Keith v. Silver*, 476 S.W.2d 335, 338 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.)); *Ford Motor Co.*, 638 S.W.2d at 590 (quoting *Standard Motor Co. v. Blood*, 380 S.W.2d 651, 654 (Tex.Civ.App.—Houston 1964, writ dism'd by agr.)); *see also Continental Bus Sys., Inc. v. Biggers*, 322 S.W.2d 1, 10 (Tex.Civ.App.—Houston 1959, writ ref'd n.r.e.) (court has a great deal of discretion as to whether the conditions testified about are so substantially similar as to make testimony admissible). This rule applies equally to instances where a dissimilarity exists between the occurrence, conditions, and the circumstances of the experiment. *See Sinko*, 702 S.W.2d at 204 (a certain amount of discretion as to the receipt in evidence of real or demonstrative evidence must rest in the trial court, and the court must be alert to eliminate any abuse of the principles of real or demonstrative evidence where such evidence would give an unnecessary dramatic effect or would unduly emphasize some issues at the expense of others); *Kirk*, 456 S.W.2d at 194 (admission of evidence of experiment is discretionary whenever dissimilarity is mi-

nor or can be made abundantly clear by explanation); *F.M.C. Corp. v. Burns*, 444 S.W.2d 315, 323 (Tex.Civ.App.—San Antonio 1969, no writ) (testimony of an experiment should be excluded when the result thereof would probably confuse rather than aid the jury).

HCA contends the experiment offered was properly excluded for the following reasons:

1. Norton's experiment was performed on females who were 18, 35, and 44 years old whereas Martha Wells was 74 years old;

2. Norton acknowledged that comfort/discomfort levels, heart rates, cardiovascular responses, and post-exposure symptoms such as dizziness and faintness differ according to the individual's age;

3. Norton did not know of any literature showing heat stress phenomenon in a bathtub or hot water exposure, and acknowledged that she did not attempt to locate such literature; and

4. While Norton stated that she attempted to maintain a constant water temperature during her experiment, she admitted she had no independent knowledge that the water in Martha Wells' bath remained the same temperature during the occurrence.

We conclude the trial court correctly excluded Norton's testimony in light of its finding that the dissimilarities between the proposed experiment and the actual occurrence were not minor. Norton's expert testimony was based upon an experiment conducted under conditions which were substantially *dissimilar* to those attendant to Martha Wells' death. After reviewing the predicate laid for the admission of Norton's testimony and the contentions of HCA regarding the issue of "substantial similarity," we find the court did not abuse its discretion in excluding such testimony. Appellants' second point of error is overruled.

The Wells' third point of error claims that the trial court committed reversible error in permitting HCA's improper opening statement. They further assert that the trial court erroneously allowed HCA's counsel in his opening statement to argue issues not in evidence and to state opinions and conclusions prior to the introduction of said evidence. We find HCA's opening statement improper but hold that the error in permitting it was harmless.

Control of counsel during trial rests within the sound discretion of the trial court, and a reviewing court will not interfere unless it is clear that the trial court abused its discretion. *First Employees Ins. Co. v. Skinner*, 646 S.W.2d 170, 172 (Tex.1983); *Mandril v. Kasishke*, 620 S.W.2d 238, 247 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.). A judgment cannot be reversed on grounds that the trial court has committed an error of law unless the appellate court believes the error amounted to such a denial of appellant's rights as was reasonably calculated to cause and probably did cause rendition of an improper judgment. *Gannett Outdoor Co. v. Kubeczka*, 710 S.W.2d 79, 85 (Tex.App.—Houston [14th Dist.] 1986, no writ); *Mandril*, 620 S.W.2d at 247; TEX.R.APP.P. 81(b)(1). A party complaining of improper jury argument must prove the alleged error: was not invited or provoked; was preserved by proper trial predicate such as an objection, motion to instruct or motion for mistrial; was not curable by an instruction, prompt withdrawal of the statement, or reprimand from the trial court; and constituted reversible harmful error. *Gannett*, 710 S.W.2d at 86. The test of improper jury argument is whether a juror of ordinary intelligence could have been persuaded by that argument to agree to a verdict contrary to that to which he would have agreed but for such argument. *Id.* at 86–87; *Texas Gen. Indem. Co. v. Moreno*, 638 S.W.2d 908, 913 (Tex.App.—Houston [1st Dist.] 1982, no writ); *Twin City Fire Ins. Co. v. King*, 510 S.W.2d 370, 374 (Tex. Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.); *see also Gannett*, 710 S.W.2d at 86 (counsel must show the probability

that the improper argument caused harm was greater than the probability that the verdict was grounded on the proceedings and the evidence).

▮ Rule 265(a) of the Texas Rules of Civil Procedure governs the sequence and breadth of the parties' opening statements. The Rule provides:

> The party upon whom rests the burden of proof on the whole case shall state to the jury briefly the nature of his claim or defense and what said party expects to prove and the relief sought. Immediately thereafter, the adverse party may make a similar statement, and intervenors and other parties will be accorded similar rights in the order determined by the court.

TEX.R.CIV.P. 265(a).

The Wells contest several remarks made by HCA's counsel during his opening statement. HCA counters that the Wells' counsel also made impermissible comments during their opening statement. Reviewing the record before us, we find that both parties' opening statements violated Rule 265(a).

We recognize that "counsel is not required to make such a lukewarm and sterile argument that the jury is unable to determine which side of the case he is on." *Houston Lighting & Power Co. v. Fisher*, 559 S.W.2d 682, 684 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). However,

> Rule 265(a) does not afford counsel the right to detail to the jury the evidence which he intends to offer, nor to read or describe in detail the documents he proposes to offer. The practice of detailing the expected testimony in the opening statement places matters before the jury without the trial court having had an opportunity to determine the admissibility of such matters ... such a practice sometimes has the effect of misleading or confusing the jurors as between the expectations of counsel and evidence actually admitted.

*Ranger Ins. Co. v. Rogers*, 530 S.W.2d 162, 170 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.).

The trial court erred in tolerating *both* parties' opening statements. Therefore, we conclude that the court abused its discretion in permitting the statements to proceed contrary to the guidelines prescribed in Rule 265(a). However, any error which occurred was harmless in light of the court's finding in *Ranger*. In *Ranger*, the appellate court held:

> The opening statements of counsel for appellees and appellant were in violation of Rule 265(a). The district court should not have tolerated counsel for either party to have [violated the Rule], and the court's failure to limit counsel was erroneous. *Under the circumstances of this case, however, particularly in view of the fact that counsel for both parties violated Rule 265(a), we are not convinced that the court's [actions were] calculated to cause the rendition of an improper judgment.*

*Ranger*, 530 S.W.2d at 170–71 (emphasis added). The Wells' third point of error is overruled.

The judgment of the trial court is affirmed.