

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

August 8, 2024

No. 04-24-00022-CV

**IN RE** John Kampmann **MEYER**

Original Proceeding[1]

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
    Luz Elena D. Chapa, Justice
    Beth Watkins, Justice (concurring in the order only)

Delivered and Filed: August 14, 2024

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

In this original proceeding, relator John Kampmann Meyer ("Meyer") asserts the trial court abused its discretion when it granted real party in interest's motion to exclude and strike the testimony of Meyer's expert witness. We agree and conditionally grant relator's petition for writ of mandamus.

### BACKGROUND

In the underlying case, Meyer is the named defendant who suit was filed against. The suit arose out of a motor vehicle accident. Meyer was operating a vehicle that collided with a vehicle operated by real party in interest Paul Rodriguez ("Plaintiff").

---

[1]This proceeding arises in connection with cause number 2022-CI-02809, styled *Paul Rodriguez v. John Kampmann Meyer*, pending in the 73rd District Court of Bexar County, Texas, the Honorable Nadine Melissa Nieto, presiding.

In July 2022, following a review of Plaintiff's medical records, defense expert Dr. Brian Sullivan prepared a report, addressing Plaintiff's diagnosis, treatment, and cost of treatment following the 2021 collision. Dr. Sullivan provided this report, dated July 20, 2022 (the "July 2022 Report"), to Meyer's counsel. In November 2022, following a review of Plaintiff's MRI scans of his cervical spine and lumbar spine, Dr. Sullivan prepared a letter referencing and supplementing the July 2022 Report. Dr. Sullivan provided this letter, dated November 8, 2022 (the "November 2022 Supplement"), to Meyer's counsel.

In his second supplemental disclosure, dated December 2, 2022, Meyer designated Dr. Sullivan as an expert witness. The designation stated Dr. Sullivan's expert report was attached, but the July 2022 Report was not attached and produced at that time. The November 2022 Supplement, however, was produced with Meyer's December supplemental disclosure.

On September 4, 2023, Plaintiff's counsel emailed the supervising attorney for Meyer's counsel a reminder stating expert disclosures were due on October 18, 2023. This reminder did not mention the July 2022 Report had not been attached to the December supplemental disclosure. Plaintiff's counsel was then told that new counsel was taking over the case for Meyer. On October 11, 2023, Plaintiff's counsel emailed new counsel Joshua Radabaugh to remind him of the disclosure deadline, but Plaintiff's counsel again did not mention the July 2022 Report.

On November 21, 2023, a month after the October 18, 2023 deadline for designating experts had expired, Plaintiff's counsel deposed Dr. Sullivan. During that deposition, Plaintiff's counsel informed Meyer's counsel the July 2022 Report had never been produced. Radabaugh was surprised the July 2022 Report had not been produced, and he immediately produced it. Plaintiff's counsel then suspended the deposition and reserved the right to recall Dr. Sullivan after reviewing the July 2022 Report.

Plaintiff's counsel never recalled Dr. Sullivan for deposition, but on December 11, 2023, Plaintiff's counsel deposed Plaintiff's own expert witness Dr. Stephen E. Earle. During that deposition, Plaintiff's counsel asked Dr. Earle to review the findings delineated in the July 2022 Report, and Dr. Earle disagreed with Dr. Sullivan's findings and methodology.

On December 15, 2023, one month before trial, Plaintiff filed a motion to exclude and strike Dr. Sullivan's testimony. At the January 4, 2024 hearing, Plaintiff's counsel argued Dr. Sullivan's testimony should be excluded and struck because the July 2022 Report had not been produced prior to the expert designation deadline. Plaintiff's counsel also stated he had sent multiple reminders of the upcoming expert designation deadline to Meyer's attorneys, including to Radabaugh. The record shows those reminders did not mention the July 2022 Report had not been produced.

Radabaugh conceded the July 2022 Report was not timely produced, but he also stated he did not learn about that fact until Dr. Sullivan's deposition. Radabaugh further argued Plaintiff had a year to inform Meyer the report had not been produced because the July 2022 Report had been referenced in the November 2022 Supplement that was produced in December 2022. Radabaugh then suggested a continuance of the trial so that Plaintiff's counsel could prepare to retake Dr. Sullivan's deposition. Plaintiff's counsel on the other hand did not request a continuance and argued the burden was not his to request documents not timely produced.

After hearing these arguments, the trial court concluded Plaintiff had no duty under the rules to inform Meyer about the unproduced report because full compliance with expert designations, including the production of the expert's report, is mandatory. It then granted Plaintiff's motion and excluded the testimony of Dr. Sullivan.

On January 10, 2024, Meyer filed a petition for writ of mandamus, seeking relief from the trial court's order excluding testimony from his expert witness on the eve of trial. He also filed an

emergency motion to stay the January 16, 2024 trial setting. On January 12, 2024, we granted the stay and requested briefing from Plaintiff and respondent.

## LEGAL STANDARD

Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion when the relator has no adequate remedy by appeal. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A relator has no adequate remedy by appeal when the denial of mandamus relief would result in an "irreversible waste of judicial and public resources[.]" *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136–37 (Tex. 2004) (orig. proceeding) (quoting *In re Masonite Corp.*, 997 S.W.2d 194, 198 (Tex. 1999) (orig. proceeding)). "Requiring a party to try its lawsuit without expert testimony, only to have the lawsuit rendered a certain nullity on appeal, falls short of a remedy by appeal." *In re Kings Ridge Homeowners Ass'n, Inc.*, 303 S.W.3d 773, 786 (Tex. App.—Fort Worth 2009, orig. proceeding). *See also In re Sherwin-Williams Co.*, 668 S.W.3d 368, 372 (Tex. 2023) (orig. proceeding) (per curiam) ("Sherwin-Williams's defense challenges the cause and extent of Acosta's injuries, and the fair resolution of those challenges at trial depends on competing expert testimony that Sherwin-Williams has not been given an opportunity to develop . . . Sherwin-Williams's ability to present a viable defense has been severely compromised, it lacks an adequate remedy by appeal.").

A trial court's exclusion of an expert who has not been properly designated is reviewed for an abuse of discretion. *See Fort Brown Villas III Condo. Ass'n v. Gillenwater*, 285 S.W.3d 879, 881 (Tex. 2009) (per curiam). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to guiding rules or principles. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam). "In determining whether there was an abuse of discretion, we must ascertain whether the trial court's finding served the purpose of thwarting '[legal] gamesmanship and trial by ambush.'" *$27,877.00 Current Money of U.S. v. State*, 331 S.W.3d 110, 120 (Tex.

App.—Fort Worth 2010, pet. denied) (quoting *Wells v. HCA Health Servs. of Tex., Inc.*, 806 S.W.2d 850, 852 (Tex. App.—Fort Worth 1990, writ denied).

"Under Rule 193.6, a party may not offer testimony from a witness that was not timely identified unless the trial court finds that (1) there was good cause for the failure or (2) the failure "will not unfairly surprise or unfairly prejudice the other parties." *Jackson v. Takara*, 675 S.W.3d 1, 6 (Tex. 2023) (quoting TEX. R. CIV. P. 193.6). This exclusion applies when a party "fails to make, amend, or supplement a discovery response, *including a required disclosure*, in a timely manner . . . ." TEX. R. CIV. P. 193.6(a) (emphasis added). "Failure to respond fully to a request for an expert's mental impressions and opinions and the documents, tangible things, reports, models, or data compilations provided to, reviewed by, or prepared by or for the expert in anticipation of his testimony is considered a complete failure to respond, triggering rule 193.6's automatic exclusion." *RDJRLW, Inc. v. Miller*, No. 02-16-00132-CV, 2017 WL 2590568, at *8 (Tex. App.—Fort Worth June 15, 2017, no pet.) (mem. op.). *See also VingCard A.S. v. Merrimac Hosp. Sys., Inc.*, 59 S.W.3d 847, 855–56 (Tex. App.—Fort Worth 2001, pet. denied) (holding that a party completely fails to disclose an expert witness if fails to provide "any documents, data, or reports provided to [the expert], reviewed by him, or prepared by or for him in anticipation of his testimony"). "The remedy is mandatory and automatic unless the court finds there was good cause for the failure to amend or supplement, or the failure will not unfairly surprise or prejudice the other party." *Castro v. Schlumberger Tech. Corp.*, 673 S.W.3d 294, 304–05 (Tex. App.—San Antonio 2023, no pet.) (citing TEX. R. CIV. P. 193.6(a)).

"A party who fails to timely designate an expert has the burden of establishing good cause or a lack of unfair surprise or prejudice before the trial court may admit the evidence." *Gillenwater*, 285 S.W.3d at 881 (citing TEX. R. CIV. P. 193.6(b)). "[O]nce it is determined that the witness was not timely designated, a trial court must inquire whether there is (1) good cause for failing to timely

identify the witness or (2) a lack of unfair surprise or unfair prejudice." *Jackson*, 675 S.W.3d at 6. A finding of good cause, lack of unfair surprise, or lack of unfair prejudice "must be supported by the record." TEX. R. CIV. P. 193.6(b). "The 'record' may include evidence, but it also might include undisputed representations by counsel." *Nat'l OilWell Varco, LP v. Sanchez*, --S.W.3d.---, 2024 WL 519201, at *5 (Tex. App.—El Paso Feb. 9, 2024, no pet. h.) (citing *Jackson*, 675 S.W.3d at 6).

However, "[e]ven if the party seeking to introduce the evidence or call the witness fails to carry the burden under paragraph (b), the court may grant a continuance or temporarily postpone the trial to allow a response to be made, amended, or supplemented, and to allow opposing parties to conduct discovery regarding any new information presented by that response." TEX. R. CIV. P. 193.6(c).

## ANALYSIS

### A. Did Relator Fail to Timely Designate Dr. Sullivan?

As an initial matter, Meyer did not produce the July 2022 Report until November 21, 2023, a month after the October 18, 2023 expert designation deadline. Thus, under the Rule 193.6(a) exclusion, his failure to timely produce this report amounts to a complete failure to designate Dr. Sullivan. *See* TEX. R. CIV. P. 193.6(a).

The Rule 193.6(a) exclusion applies when a party "fails to make, amend, or supplement a discovery response, *including a required disclosure*, in a timely manner . . . ." *Id.* Rule 195.5(4)(A), in turn, mandates that an expert designation include the production of a report. *See* TEX. R. CIV. P. 195.5(a)(4)(A) ("[A] party must provide . . . all documents, tangible things, reports, models, or data compilations . . . prepared by or for the expert in anticipation of the expert's testimony"). Accordingly, Meyer's failure to timely produce the July 2022 Report triggers the application of Rule 193.6(a), (b). *See Int. of A.N.C.*, No. 04-23-00497-CV, 2023 WL 7134865, at *4 (Tex. App.—

San Antonio Oct. 31, 2023, no pet.) (holding that a failure to timely disclose information required by Rule 195.5 triggers the exclusion under Rule 193.6(a)); *$27,877.00 Current Money of U.S.*, 331 S.W.3d at 120–21 ("[F]ailure to respond to a request for the mental impressions and opinions of the expert is a complete failure to respond, triggering the automatic exclusion under Rule 193.6.").

**B.** **Did Meyer Show Good Cause for Failing to Timely Designate Dr. Sullivan or Show that Plaintiff was not Unfairly Surprised or Prejudiced by the Late Designation?**

Under Rule 193.6(b), the trial court had discretion to admit Dr. Sullivan's testimony if Meyer demonstrated that good cause existed for the late designation of Dr. Sullivan or that Plaintiff was not unfairly surprised or unfairly prejudiced by the late designation. *See* TEX. R. CIV. P. 193.6(b). "A finding of good cause or of the lack of unfair surprise or unfair prejudice must be supported by the record." *Id*. After reviewing the record, we conclude Meyer has met his burden.

1. <u>There was good cause for the late production of Dr. Sullivan's expert.</u>

"Good cause is established by showing the failure involved was an accident or mistake, not intentional or the result of conscious indifference." *Wheeler v. Green*, 157 S.W.3d 439, 442 (Tex. 2005) (per curiam). "A clerical error, including a calendaring error, is 'sufficient to establish good cause for a failure to timely respond to a request for admission, even if a party is negligent, as long as the party's negligence does not rise to the level of conscious indifference.'" *Saum v. Am. Express Nat'l Bank*, No. 02-19-00415-CV, 2021 WL 1034146, at *7 (Tex. App.—Fort Worth Mar. 18, 2021, pet. denied) (mem. op.) (quoting *Boulet v. State*, 189 S.W.3d 833, 837 (Tex. App.—Houston [1st Dist.] 2006, no pet.)).

In the mandamus petition, Meyer asserts the failure to timely produce the July 2022 Report was the result of a clerical administrative error. For support, he points to the December 2, 2022 supplemental disclosure, which designates Dr. Sullivan as an expert witness and states his report is attached. The July 2022 Report, however, was not attached. Meyer argues this oversight

amounted to a clerical administrative error, which ultimately resulted in the failure to timely produce the July 2022 Report. Meyer further adds the November 2022 Supplement, which was produced with the December disclosure, also references the July 2022 Report. We agree with Meyer's position and conclude these circumstances show the failure involved was a mere accident or mistake as opposed to the result of conscious indifference. *See Wheeler*, 157 S.W.3d at 442.

The record also reflects Radabaugh began representing Meyer as new counsel shortly before the expert designation deadline, and therefore, he could have reasonably assumed the July 2022 Report had been previously produced. Additionally, Dr. Sullivan's deposition transcript reflects Radabaugh was surprised Plaintiff's counsel did not already have the July 2022 Report. And during the motion to strike hearing, Radabaugh stated "he was not made aware of the fact that the [July 2022 Report] was not produced until the day of deposition." *See Jackson*, 675 S.W.3d at 6 ("In considering whether the trial court abused its discretion, the court of appeals should have considered counsel's statements . . . ."). These facts are similar to *In re D.C.*, No. 06-18-00114-CV, 2019 WL 2455622, at *13 (Tex. App.—Texarkana June 13, 2019, no pet.) (mem. op.). There, the Texarkana court of appeals held good cause existed for the Department's failure to supplement its production with a safety assessment when uncontested testimony showed the Department believed it had already produced the assessment. *See id.* We find this reasoning applicable here. *See id.*

Given the December 2022 supplemental disclosure and the November 2022 Supplement both referenced the July 2022 Report, Radabaugh began his representation shortly before the expert designation deadline, and Radabaugh's uncontroverted statements he was unaware the July 2022 Report had not been produced, we conclude Meyer established good cause existed for the failure to timely produce the July 2022 Report prior to the expert designation deadline.

2. Plaintiff was not unfairly surprised or prejudiced by the failure to timely produce the July 2022 Report.

We also conclude the failure to timely produce the July 2022 Report did not unfairly surprise or unfairly prejudice Plaintiff.

During the hearing on the motion to strike, Plaintiff's counsel argued the late production of the July 2022 Report during Dr. Sullivan's deposition was a complete shock, and as a result, he was not able to properly depose Dr. Sullivan. The record, however, does not support his assertion. *See Allstate Fire & Cas. Ins. Co. v. Howell-Herring*, No. 02-20-00175-CV, 2022 WL 1183336, at *4 (Tex. App.—Fort Worth Apr. 21, 2022, no pet.) ("Determining whether a party has met this burden is within the trial court's discretion, but the record must support a finding of good cause or lack of unfair surprise or unfair prejudice."); *Klekar v. S. Pac. Transp. Co.*, 874 S.W.2d 818, 826 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (stating "the presence of other factors in the record may show a party has not been surprised in any sense"). Instead, the record shows Meyer's December disclosure stated the July 2022 Report was attached and included the November 2022 Supplement, stating it was a supplement to the July 2022 Report. These references show Plaintiff was aware of the existence of inadvertently omitted documents. *See Safeco Sur. v. J.P. Sw. Concrete, Inc.*, No. 01-12-00672-CV, 2013 WL 5820619, at *8 (Tex. App.—Houston [1st Dist.] Oct. 29, 2013, no pet.) (mem. op.) (holding no unfair surprise or prejudice when documents were not timely produced, but timely produced disclosures had referenced omitted documents, alerting opposing party to their existence). We therefore conclude Plaintiff was not unfairly surprised by the failure to timely produce the July 2022 Report. *See id.*

Moreover, one of the purposes of Rule 193.6 is "to give the other party the opportunity to prepare rebuttal to expert testimony." *F 1 Constr., Inc. v. Banz*, No. 05-19-00717-CV, 2021 WL 194109, at *3 (Tex. App.—Dallas Jan. 20, 2021, no pet.) (mem. op.) (citing *In re D.W.G.K.*, 558

S.W.3d 671, 680 (Tex. App.—Texarkana 2018, pet. denied)). "Accordingly, in order to establish the absence of unfair surprise or prejudice, the party seeking to call an untimely disclosed witness or introduce untimely disclosed evidence must establish that the other party had enough evidence to reasonably assess settlement, to avoid trial by ambush, and to prepare rebuttal to expert testimony." *Id*.

Here, the record establishes that Plaintiff was able to prepare a rebuttal to Dr. Sullivan's expert testimony despite the late production of his report. On December 11, 2023, Plaintiff's counsel deposed Plaintiff's own expert witness, Dr. Stephen E. Earle. Dr. Earle had been provided the July 2022 Report prior to his deposition. During the deposition, Plaintiff's counsel asked Dr. Earle to review findings from that report and then asked whether he agreed with the opinions in Dr. Sullivan's report. Dr. Earle then testified he disagreed with Dr. Sullivan's diagnosis and criticized the methodology Dr. Sullivan used in reaching that diagnosis. Thus, it is clear Plaintiff had enough evidence to prepare a rebuttal to Dr. Sullivan's expert testimony and avoid trial by ambush; Plaintiff therefore was not unfairly prejudiced. *See id*.

We therefore conclude that Plaintiff was not unfairly surprised or prejudiced by the untimely production of the July 2022 Report.

## CONCLUSION

Based on the foregoing, we conclude the trial court abused its discretion in excluding the testimony of Dr. Sullivan. The record establishes that 1) there was good cause for the failure to produce the July 2022 Report prior to the expert designation deadline; 2) Plaintiff was not unfairly surprised by this failure because it was alerted to the July 2022 Report a year before the expert designation deadline; and 3) Plaintiff was not unfairly prejudiced because he was able to prepare a rebuttal to Dr. Sullivan's expert testimony and avoid trial by ambush.

Therefore, we conditionally grant the writ of mandamus and direct the trial court to vacate its January 5, 2024 order granting real party in interest's motion to exclude and strike the testimony of Dr. Sullivan. The writ will issue only if the trial court fails to vacate this order within fifteen days from the date of our opinion and order.

Luz Elena D. Chapa, Justice